WIGGINTON, Judge.
Appellant seeks reversal of his conviction, after trial by jury, of armed robbery of a *1363 restaurant, citing as error comments made by the prosecutor during closing argument. We affirm.
During closing argument, the prosecutor stated:
Now, these are Florida Statutes; they’re the law in the State of Florida and we all live by them. And I submit to you that if you let that man walk free after what you have seen here and what you have heard here, you might as well throw those away because they will serve no purpose.
At that point, appellant’s attorney objected, stating that the above statement was unfair comment to the jury. He did not move for a mistrial. The court overruled the objection, stating:
Well, gentlemen, each of you are allowed to make your arguments as you deem best. I think the jury will take it in the sense in which it is intended. Let’s move along.
Thereafter, the prosecutor continued with his argument by explaining to the jury the meaning of the statement to which appellant’s attorney had objected.[1] Defense counsel made no further objection to the prosecutor’s closing argument.
Any impropriety of the prosecutor’s comment was cured by the trial court’s admonishment and the follow-up explanations by the prosecutor. Appellant has not shown an abuse of discretion in the trial court’s handling of his objection. Further, since the comment did not constitute fundamental error, this point has not been properly preserved for review since appellant’s attorney did not move for a mistrial. Clark v. State, 363 So.2d 331 (Fla.1978); State v. Cumbie, 380 So.2d 1031 (Fla.1980).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.

. The prosecutor stated: “What I said was if you let that guilty man walk free, you throw away the laws of the State of Florida. And I think the state has proven he is guilty beyond any reasonable doubt. I ask that you go into the jury room and you discuss the testimony as you heard it from the stand and the evidence as you have seen it. Don’t throw away the laws of Florida on some speculation. I ask you to do your duty as a jury and apply the law as it exists and as the judge gives it to you and to do justice.”