459 So.2d 1157 (1984)
William Junior LIGHTFOOT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-792.
District Court of Appeal of Florida, Second District.
November 28, 1984.
*1158 Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, William Junior Lightfoot, appeals his sentences on eight counts of armed robbery, one count of burglary, one count of grand theft, and a misdemeanor count of discharging a firearm in public. We affirm. Appellant's sole point on this appeal is whether the trial court erred in deviating from the sentencing guidelines.
Appellant was charged in eight separate informations with separate and distinct offenses of armed robbery. Another information charged one count of burglary and one count of grand theft. Another information charged the separate misdemeanor offense of discharging a firearm in public. All of the offenses occurred prior to October 1, 1983, but sentencing took place thereafter. Appellant filed motions to suppress in all of the cases except one armed robbery and the misdemeanor offense. After denial of the motions to suppress, while reserving his right to appeal those denials, appellant entered no contest pleas to all charges. Appellant does not raise in this appeal the issue of the denial of his motions to suppress and we, therefore, do not consider them.
It is not clear from the record whether there was a plea agreement entered into with the state. A different assistant state attorney than the one who had prosecuted the cases and negotiated any plea appeared for the state at the plea hearing. Appellant's attorney, an assistant public defender, at one point indicates that the pleas are "basically, this is to some extent a straight-up plea... ." It is our understanding of current criminal law jargon that a "straight-up plea" means a plea that does not involve previously agreed to conditions by the state. Yet, later in the same plea hearing, appellant's attorney represents that the minimum mandatory sentences on four of the armed robbery charges would run consecutively, but that the state had "agreed in prior conversations that the minimum mandatories would not exceed the maximum time that would be imposed under the guidelines." The assistant state attorney present at the plea hearing remained silent as to any plea agreements.
It is clear that appellant affirmatively elected to be sentenced pursuant to sentencing guidelines, and the trial judge acknowledged that he would be sentenced "in accordance with the guidelines." The court also very clearly informed appellant of the maximum sentences he could receive in each case. Subsequently, at appellant's sentencing hearing, the trial judge imposed consecutive minimum mandatory sentences of three years each on four of the armed robbery charges, for a total of twelve years. The sentences on the remaining offenses were imposed to run concurrent with the minimum mandatory sentences. At that point in the sentencing hearing, appellant's attorney objected to the sentences as exceeding "the guideline recommendation, and also object, Your Honor, that upon acceptance of the plea recommendation, the Court indicated it would sentence within the guidelines." The assistant state attorney present again remained silent.
While the record reflects that a guidelines scoresheet had been prepared, it was not included within the record supplied to us. However, the reconstruction of the *1159 scoresheet indicates it would have shown a sentence in the recommended range of seven to nine years. The trial court, after appellant's objection to the sentences, stated that he did not recall that he said he would sentence by the guidelines, but if he did so indicate, appellant could withdraw his plea and go to trial. It is clear to us from the record that while the trial court acknowledged appellant's affirmative election to be sentenced pursuant to the guidelines, he at no time stated he would not deviate from any recommended guidelines sentence. Even so, we do not consider that the trial court has deviated from the requirements of sentencing guideline procedures. Florida Rule of Criminal Procedure 3.701(d)(9) provides that where a recommended sentence is less than the mandatory sentence for an offense having a mandatory penalty, the mandatory sentence takes precedence.
Since appellant was sentenced to four separate and distinct armed robberies, each carrying a minimum mandatory sentence of three years, the trial court was acting within the provisions of rule 3.701 when he imposed consecutive sentences of three years for each armed robbery. He was not required to enter a written statement setting forth clear and convincing reasons for his sentence since the sentence was not a departure from that allowed by rule 3.701. We, therefore, affirm the judgments and sentences of the trial court. We note, however, that each sentence reflects that it is "Not a Guideline Sentence." Since appellant had elected to be sentenced pursuant to the guidelines, and the court had so acknowledged, on remand, the sentences should be corrected to so reflect.
As to whether the sentences imposed violated any plea agreement with the state, for the reasons stated above, we cannot make that determination. The trial court clearly was not bound by such an agreement, if any. However, if the plea agreement was in existence and not followed, appellant should be given an opportunity to withdraw his plea and go to trial on the charges as the trial judge suggested. On remand, a determination should first be made as to whether any plea agreement existed.
Affirmed and remanded for treatment consistent herewith.
RYDER, C.J., and LEHAN, J., concur.