473 So.2d 694 (1985)
James Arthur WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. AX-372.
District Court of Appeal of Florida, First District.
March 21, 1985.
Rehearing Denied August 14, 1985.
*695 Michael Allen, Public Defender; and Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen.; and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Defendant appeals from a judgment of conviction and sentence on one count of attempted second degree murder while in possession of a firearm and two counts of aggravated assault while in possession of a firearm. He raises six issues on appeal. The first four deal with procedural and substantive errors, and the last two deal with sentencing errors. We affirm the conviction, but reverse and remand for resentencing.
Appellant was charged with three counts of attempted first degree murder arising from an incident in March 1983. A jury trial was held from December 12 through *696 December 15, 1983. Stated most favorably to the state, the evidence showed that Dexter Williams, Jeff Simmons, and Phillip Brown went to a bar called Scorpio Lounge to get cigarettes. While Simmons went in to buy the cigarettes, appellant approached Brown and Williams and began a dispute regarding possession of a bicycle. When Brown refused to allow appellant to hold the bicycle, appellant said, "I'll kill you and take the bicycle." When Simmons came out of the lounge, appellant stated, "I'll kill all three of you." He then pulled a pistol from his pants and started shooting, with the first shot hitting Williams in the chest. The three men fled the scene without turning around to look at appellant after the first shot was fired. At least two or three total shots were fired. Williams was hospitalized for approximately one month with a chest and arm wound.
While Williams was in the hospital, Detective Cobb showed him a photo lineup from which he picked out a photograph of defendant as his assailant. He also identified defendant at trial. Similarly, Simmons identified defendant at trial and testified that he had picked out a photograph of defendant from a pretrial photo spread. Defendant objected to the in-court and out-of-court identifications, but such objection was overruled. The photographs of appellant used in the pretrial photo spread showed frontal and profile views and were introduced into evidence over defendant's objections.
At the close of the state's case, defendant moved for judgment of acquittal, which was denied. Defendant then rested without presenting any evidence. During closing arguments, defendant objected to statements by the prosecutor indicating his personal belief in the veracity of the state's witnesses. The objection was overruled. During defendant's closing argument, the state objected to defendant's use of a drawing which had been used by defendant during cross-examination but had not been put in evidence. The court ruled that defense counsel could refer verbally to the documents but could not show them to the jury during closing arguments since they were not a part of the record.
The jury returned guilty verdicts of lesser included offenses on each count: count 1  guilty of attempted second degree murder while in possession of a firearm; count 2  guilty of aggravated assault while in possession of a firearm; and count 3  guilty of aggravated assault while in possession of a firearm. With regard to counts 2 and 3, aggravated assault while in possession of a firearm was the least serious offense included within the jury instructions and the jury's verdict form.
At sentencing, defendant affirmatively requested to be sentenced pursuant to the sentencing guidelines. The recommended sentence under the guidelines was seventeen to twenty-two years. The court sentenced defendant to sixty years on count 1, reserving jurisdiction for one-third of the sentence, ten years on count 2, and ten years on count 3, with all sentences to run concurrently. The court explained, in a ten-page written order, its decision to deviate from the sentencing guidelines and sentence appellant as an habitual offender. The court included in its order a summary of defendant's criminal record, which included thirteen arrests since 1972 and two prior felony convictions. Defendant raised various objections to the sentencing procedure, but all were overruled. Defendant timely filed a notice of appeal.
Appellant first contends that the court erred in not allowing defense counsel to use certain exhibits during closing argument which had not been admitted in evidence. We find no merit in this position. It is clear that defense counsel made a tactical decision not to offer the exhibits in order to preserve his right to open and close on closing argument. The trial court did not abuse its discretion in prohibiting defense counsel from showing the exhibits to the jury since they were not a part of the record.
Appellant claims in his second point that reversible error occurred when, during closing argument, the prosecutor made certain statements to the jury intimating his *697 personal belief in the truth and veracity of witnesses. The prosecutor began his argument as follows:
There's a couple of things I want to mention to you right off the bat. And one of the things as I mentioned to you in voir dire, one of the first things I mentioned to you is that I'm the Assistant State Attorney, I'm an assistant to Ed Austin. And there's one thing that we take very seriously and that's responsibility that we have in charging people with crimes. We  it's an awesome responsibility and one thing that we do or I should say one thing we do not do is we do not present testimony, we do not present witnesses unless they have first hand knowledge, they know the things about which they testify. They can't present 
Defense counsel immediately objected to this comment, but the trial court overruled the objection, reasoning it was fair argument in response to previous comments by defendant's attorney as to the awesome power of the state attorney to charge persons with crimes. The prosecutor then continued:
As I was stating and you heard the testimony from Detective Cobb that these additional witnesses did not have firsthand knowledge of the crime. We don't present those witnesses, the Court doesn't permit it and if we do and if you think that we do that we present this type of testimony, then you need to find yourself another State Attorney. Now 
Again, defendant immediately objected, but the court overruled the objection.
It is patently improper for an attorney to suggest in closing argument that he has additional knowledge or additional reasons for believing that certain witnesses are credible or believable. Tampa Transit Lines v. Corbin, 62 So.2d 10 (Fla. 1953). The comments in this case are a flagrant violation of the moral, ethical, and legal duty of a state prosecutor. We have previously cautioned of the need to curtail improper argument, failing which we may find it necessary to treat such prosecutorial misconduct as reversible error. Briggs v. State, 455 So.2d 519 (Fla. 1st DCA 1984). The trial court, however, did not perceive the error and failed to restrain the prosecutor. In light of the overwhelming evidence of appellant's guilt, we cannot hold that these comments so pervaded the trial as to materially affect its outcome and, thus, constitute reversible or fundamental error. More importantly, defense counsel failed to move for a mistrial when the objections were made, so we are compelled to affirm. James v. State, 429 So.2d 1362 (Fla. 1st DCA 1983).
The third point urged by appellant is that the court erred in failing to instruct the jury, as requested by appellant, on the lesser included offenses of improper exhibition of a weapon and discharging a firearm in public. Appellant contends that these offenses are lesser included offenses of those charged in the information.
Initially, we find, with respect to count 1, that even if the court erred in refusing the requested instruction, such error was harmless because the jury's verdict of guilty of attempted second degree murder was not the least severe option the jury was given on that count. The verdict on count 1 could have been guilty of aggravated assault, but the jury chose instead to find appellant guilty of attempted second degree murder. Therefore, it would have made no difference in the jury's verdict if they had been given sentencing options less severe than aggravated assault. The same cannot be said for counts 2 and 3, however, since the jury found defendant guilty of the lowest offenses described in the instructions and verdict. Nevertheless, we find it unnecessary to decide whether the court erred in denying the requested instruction in those counts.
The state argues that this issue is not properly preserved for appellate review because defendant failed to properly object to the failure to give these instructions prior to the time the jury retired to consider its verdict. We agree. The record reflects that the only discussion between defense *698 counsel and the court regarding the requested instruction was as follows:
DEFENSE COUNSEL: All right. The other thing I wanted to ask the Court was on your verdict forms on your lesser included, I would ask the Court to include also the lesser included on Page 101 of the improper exhibition of a weapon and verdict form  or the lesser included on 102, discharging a firearm in public.
THE COURT: I'm not going to give them. Anything further gentlemen? Any specific instructions?
Defense counsel's comments were, at best, a request for an instruction, and did not constitute an objection to the court's failure to give the requested instruction. Certainly such comments did not satisfy the requirement that counsel state distinctly the matter to which he objects and the grounds of his objection, as required by rule 3.390(d) Florida Rules of Criminal Procedure. Thomas v. State, 419 So.2d 634 (Fla. 1982); Williams v. State, 395 So.2d 1236 (Fla. 4th DCA 1981).
The fourth point challenges the court's admission of the photographs of defendant in evidence over defense counsel's objections. The photographs were taped so that dates and numbers were "cropped out," and the photographs made no explicit reference to prior criminal activity. We affirm in reliance on Duncan v. State, 450 So.2d 242 (Fla. 1st DCA 1984).
Appellant's fifth point is that the trial court erred in deviating from the guidelines sentence based almost entirely on the fact that defendant was an habitual offender. He contends that the sentencing guidelines make the habitual offender act redundant and unnecessary since the guidelines take into account the number and seriousness of past offenses. We believe the habitual offender statute, section 775.084, Florida Statutes (1983), remains applicable even though an individual may be subject to sentence under the sentencing guidelines. Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984); Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984).
The final point raised by appellant is that the trial court erred in retaining jurisdiction over the first one-third of his sixty-year sentence because the purpose of the retention law is to allow trial courts to exercise some discretion over a prisoner's eligibility for parole. We agree. When a defendant is sentenced pursuant to the sentencing guidelines, parole is no longer available and there is no purpose to be served by the trial court's retaining jurisdiction over defendant's sentence. Carter v. State, 464 So.2d 172 (Fla. 2d DCA 1985).
During our review of the record on appeal, we discovered an error in sentencing not raised by the parties, but which appeared to constitute fundamental error, so we called for supplemental briefing by the parties. Defendant was convicted in count 1 of attempted second degree murder, a second degree felony pursuant to section 777.04(4)(b), Florida Statutes (1983). This second degree felony was reclassified to a first degree felony pursuant to section 775.087(1)(b), Florida Statutes (1983), dealing with the possession or use of a weapon during commission of a felony. Miller v. State, 460 So.2d 373 (Fla. 1984); Cooper v. State, 455 So.2d 588 (Fla. 1st DCA 1984). The statutory maximum penalty for a first degree felony pursuant to section 775.082(3)(b), Florida Statutes (1983), is thirty years. The trial court, however, also found that defendant was an habitual offender pursuant to section 775.084, and this finding has not been challenged by appellant. Therefore, the trial court should have sentenced defendant in accordance with section 775.084(4)(a)1, Florida Statutes (1983), which provides that "[t]he court ... shall sentence the habitual felony offender as follows: (1) In the case of a felony of the first degree, for life." The state contends, and we agree, that this section very clearly provides for a mandatory sentence of life imprisonment for an habitual felon convicted of a felony of the first degree and that appellant should have been sentenced to life rather than a term of *699 years.[1] This fundamental error requires that the sentence imposed be vacated.
Nevertheless, appellant argues that notwithstanding the court's statement of reasons for treating appellant as an habitual offender, the court could not depart from the sentencing guidelines and impose a greater sentence without stating clear and convincing reasons for such departure. We note, however, that if an offense has a mandatory penalty and the recommended guidelines sentence is less than such penalty, the mandatory sentence automatically takes precedence. Rule 3.701(d)(9), Fla.R. Crim.P. Because the habitual offender statute subjected appellant to a mandatory life sentence, this sentence automatically took precedence over the lesser guidelines sentence and there was no necessity for the trial court to justify departing from the guidelines. Lightfoot v. State, 459 So.2d 1157 (Fla. 2d DCA 1984).
The record before us indicates that the court, the prosecutor, and defense counsel were all laboring under the mistaken view that the maximum sentence appellant could receive on count 1 was sixty years. Appellant's decision to be sentenced under the guidelines was undoubtedly made with this assumption in mind. It is highly questionable whether appellant would have elected to be sentenced under the guidelines had he known he faced a mandatory life sentence with no possibility of parole if he elected sentencing under the guidelines. § 921.001(8), Fla. Stat. (1983).[2] Accordingly, the trial court, on remand, may consider anew whether to sentence appellant as an habitual offender. In any event, the court shall allow appellant to withdraw his election to be sentenced under the guidelines if he so desires.
We affirm the conviction, but vacate the sentence and remand for resentencing.
SMITH and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant contends in his motion for rehearing that in considering whether defense counsel properly preserved an objection to improper comments made by the prosecutor in closing argument, we erred in making the following statement in our original opinion: "More importantly, defense counsel failed to move for a mistrial when the objections were made, so we are compelled to affirm. James v. State, 429 So.2d 1362 (Fla. 1st DCA 1983)." Since this statement is an alternate ground for our decision on this issue, we delete the above quoted statement to avoid any need for discussion of James and Simpson v. State, 418 So.2d 984 (Fla. 1982). In all other respects, appellant's motion is denied.
Appellant's motion for rehearing or clarification is denied.
SMITH, ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] We have considered whether the language of section 775.084(4)(a)(1) should be construed as simply reclassifying the offense and sentence to that prescribed for a life felony set forth in section 775.082(3)(a), Florida Statutes (1983) (sentence for life felony committed before October 1, 1983, is life imprisonment or term of years not less than 30), but find that the language of section 775.084(4)(a)(1) does not permit such construction. That section not only specifies life for a first degree felony, it also specifies a term of years not exceeding thirty years for a second degree felony and not exceeding ten years for a third degree felony. This time limit for third degree felony is less than the penalty for a second degree felony in section 775.082(3)(c) (not exceeding fifteen years). This makes it rather clear that section 775.084(4)(a) is intended to set the actual sentence imposed.
[2] We do not undertake to decide whether, in view of section 921.011, a sentence to life imprisonment forecloses the possibility of sentence reduction by parole, good conduct, or otherwise.