467 So.2d 779 (1985)
Kenneth WHITEHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. AX-350.
District Court of Appeal of Florida, First District.
April 15, 1985.
Rehearing Denied May 9, 1985.
Michael E. Allen, Public Defender, Michael J. Minerva, Asst. Public Defender, for appellant.
*780 Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Whitehead appeals from a sentence of 30 years in prison for aggravated battery. He contends the sentence should be vacated because the record does not show that in selecting sentencing pursuant to the sentencing guidelines he knowingly and intelligently waived his right to parole eligibility. Next, he contends the trial court failed to give clear and convincing reasons for departing from the recommended range. We affirm.
Whitehead's first contention is the same one first rejected by this Court in Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984), where we held an affirmative selection is all that is required. We reject this contention on authority of Moore, but, as in Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984), and Cochran v. State, 460 So.2d 542 (Fla. 1st DCA 1984), certify the following question to the Supreme Court as one of great public importance:
When a defendant who committed a crime before 1 October 1983 affirmatively selects sentencing pursuant to the sentencing guidelines, must the record show the defendant knowingly and intelligently waived the right to parole eligibility?
We also reject Whitehead's second contention. In the space provided on the scoresheet for reasons for departure, the trial judge wrote, "Habitual offender. See the attached order as to Habitual offender." The order attached to the scoresheet contained the trial judge's finding that Whitehead is an habitual felony offender. The order also contained the finding, as required by Section 775.084(3), Florida Statutes (1983), that an extended term of imprisonment as an habitual offender is necessary for the protection of the public. The reasons for the latter finding were then set forth with individual particularity.
Whitehead argues that some of the reasons given in the order to show an extended term as an habitual offender is necessary for the protection of the public are impermissible reasons for departing from the guidelines. Thus, the argument goes, the departure was improper. The State argues that the order shows the trial judge relied on permissible reasons for departing from the guidelines. These arguments are based on the invalid assumption that the reasons given to show why an extended term as an habitual felony offender is necessary for the protection of the public are also the reasons given for departure from the guidelines.
The trial judge's written reason for departing from the guidelines was that Whitehead is an habitual offender. Although he attached the order which, in addition to finding Whitehead an habitual felony offender, also gave reasons why an extended term as an habitual felony offender is necessary for the protection of the public, those reasons were not reasons for departing from the guidelines. Whether those reasons are clear and convincing, as required by Florida Rule of Criminal Procedure 3.701(d)(11), is therefore irrelevant. The true issue is whether a finding that a defendant is an habitual felony offender is a clear and convincing reason for guideline departure.
To be an habitual felony offender, the recidivistic activity must occur within five years of a prior conviction or release from commitment. Section 775.084(1)(a)2, Florida Statutes (1983). In contrast, a prior adult record may be scored on the guideline scoresheet if the instant offense is within ten years of "the most recent date of release from confinement, supervision or sanction." Fla.R.Cr.P. 3.701(d)(5)(b).
An habitual felony offender, therefore, is one who by definition is a more recent recidivist than one whose prior record may be scored, but who does not meet the definition of habitual felony offender. This fact alone is a clear and convincing reason for departure from the guidelines.
A finding, supported by the record, that a defendant is an habitual felony offender as defined in Section 775.084(1)(a), Florida Statutes (1983), is a clear and convincing *781 reason for departure from the sentencing guidelines. See, Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984); Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984); Gann v. State, 459 So.2d 1175 (Fla. 5th DCA 1984).
Whitehead also argues that the extended term provisions of the habitual offender statute simply should not apply when a defendant is sentenced pursuant to Rule 3.701, whether or not the trial court deviates from the recommended range. He contends that by taking recidivism into account, the guidelines essentially preempt the habitual offender statute.
The guidelines do take recidivism into account by scoring prior convictions, but the habitual offender statute requires more recent recidivism and a separate finding that an extended term is necessary for the protection of the public. As this Court said in Cuthbert,
Under current practice, if the trial court, in accordance with the provisions of Section 775.084, finds the defendant to be a habitual offender and that it is necessary for the protection of the public to sentence the defendant to an extended term, the court will still be able to impose an extended term up to the periods of time set forth in Section 775.084(4); provided, however, that if the term exceeds the sentencing guidelines range, the court will have to comply with Rule 3.701 d.11 by stating in writing "clear and convincing reasons" for departure from the guidelines.
459 So.2d at 1100, n. 3.
AFFIRMED.
ERVIN, C.J. and ZEHMER, J., concur.