499 So.2d 884 (1986)
James Arthur WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. BK-75.
District Court of Appeal of Florida, First District.
December 16, 1986.
Rehearing Denied January 23, 1987.
*885 Michael E. Allen, Public Defender, Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Walker appeals, complaining that his resentencing upon remand, Walker v. State, 473 So.2d 694 (Fla. 1st DCA 1985), violated North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We will not address this point because we find a substantial change in the law which compels us to hold that Walker is entitled to be resentenced.
Appellant was convicted by a jury of attempted second degree murder while in possession of a firearm and two counts of aggravated assault while in possession of a firearm. He elected to be sentenced under the guidelines which recommended a sentence of seventeen to twenty-two years. However, citing the fact that appellant was a habitual offender, the trial court deviated from the guidelines, sentencing appellant to sixty years on the first count (attempted second degree murder while in possession of a firearm) and ten years on each of the other counts, with all sentences to run concurrently. On appeal, this court affirmed appellant's conviction but found his sixty-year sentence to be illegal and unauthorized under the statutes. Since appellant was a habitual felon convicted of a felony of the first degree, this court found he should have been sentenced to life on count 1 rather than a term of years. Because all involved were operating under the erroneous impression that the maximum sentence appellant could receive on count 1 was sixty years and it was highly questionable whether appellant would have elected to be sentenced under the guidelines had he known he faced a mandatory life sentence with no possibility of parole, this court *886 reversed and remanded for resentencing, permitting appellant to withdraw his election to be sentenced under the guidelines if he so desired. See, opinion on remand, 473 So.2d 694.
On remand, appellant elected not to be sentenced under the guidelines. The trial court again found appellant to be a habitual offender and sentenced appellant to life in prison on the first count and two concurrent ten-year terms on the other counts. Appellant appealed, contending that under North Carolina v. Pearce the trial court was precluded from sentencing him to more than sixty years, the total of his original sentences.[1]
During the pendency of the second appeal, the Florida Supreme Court decided Whitehead v. State, 498 So.2d 863 (Fla. 1986), in which the court ruled that the habitual offender statute does not provide an alternative to sentencing under the guidelines and cannot be used as a basis for departure from the guidelines. On remand, appellant in the present case elected not to be sentenced pursuant to the guidelines because as a habitual felon, he obviously faced a mandatory life sentence with no possibility of parole under a guidelines sentence. Because the Florida Supreme Court's subsequent decision in Whitehead does away with this underlying premise by forbidding a trial court to utilize the habitual offender statute as a basis for departure when sentencing under the guidelines, we hold that appellant must be permitted to withdraw his election not to be sentenced under the guidelines.
Accordingly, this cause is reversed and remanded for proceedings consistent with this opinion. On remand, the judgment and sentence shall be modified in order to correctly reflect that appellant was tried and convicted by a jury, not that he pled guilty to the charges.
SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Were we to address this issue, we would hold that appellant's life sentence, which is subject to parole, is not necessarily harsher than the sixty-year guidelines sentence previously imposed, which was not subject to parole. As in Trasti v. State, 487 So.2d 428 (Fla. 5th DCA 1986), the record affirmatively shows that the new sentence was not imposed out of vindictiveness, but was imposed in accordance with the dictates of the Florida Statutes and this court's prior opinion in Walker.