NIMMONS, Judge.
The defendant appeals from his sentencing guidelines upward-departure sentence of life imprisonment. The sole reason given by the trial court for departure was the defendant’s adjudication as an habitual offender under Section 775.084, Florida Statutes. The judge relied expressly upon this court’s decision in Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985) which was, during the pendency of this appeal, reversed by the Florida Supreme Court at 498 So.2d 863 (Fla.1986).
The state, however, still urges affirmance. It argues that since the defendant was convicted of a first degree felony, his adjudication as an habitual offender required imposition of a mandatory term of life imprisonment by reason of Section 775.-084(4)(a)(l), and that such mandatory sentence takes precedence over the lesser guidelines sentence under Fla.R.Cr.P. 3.701(d)(9).
The state’s argument must fail because this court in Walker v. State, 499 So.2d 884, 886 (Fla. 1st DCA 1986), has construed the Supreme Court’s Whitehead opinion to preclude reliance upon habitual offender status for departure even where application of the habitual offender statute purports to increase the allowable sentence to a mandatory life term.
REVERSED and REMANDED for re-sentencing in accordance with applicable law.
SHIVERS and THOMPSON, JJ„ concur.