510 So.2d 979 (1987)
Darrial M. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. BO-394.
District Court of Appeal of Florida, First District.
July 7, 1987.
Rehearing Denied September 3, 1987.
Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Hall appeals both his second-degree murder conviction and the trial court's departure from the sentencing guidelines. Viewed in the light most favorable to the State, we find that the evidence was sufficient to support the jury's verdict of second-degree murder, and that the trial court properly denied appellant's motion for judgment of acquittal. We reverse the sentence, however, and remand for resentencing.
Appellant was found guilty of second-degree murder with a firearm, possession of a firearm by a convicted felon, and use of a *980 firearm during the commission of a felony. Despite a recommended guidelines sentence of 12-17 years, the trial court imposed a sentence of life, with two concurrent 15-year terms, giving the following written reasons:
1. The Court has previously found the defendant to be an habitual felony offender. This reason is sufficient, in and of itself, to depart from the guidelines. The Court hereby incorporates by reference the Order finding the Defendant an Habitual Felony Offender and makes it a part hereof.
2. Because the defendant is an habitual felony offender, and Second Degree Murder with a Firearm is a life felony, the Court must impose a mandatory life sentence under Walker v. State, 473 So.2d 694 (1st DCA 1985) and F.S. 775.084(4)(a)1.
3. The defendant had only been released from prison for 47 days before he obtained a firearm and murdered his uncle with it.
4. The defendant, on two occasions, threatened a witness to the crime. One of these occasions occurred while the defendant was on conditional release with one of the court ordered conditions being that he have no contact with any of the witnesses.
5. The guideline sentence is wholly inappropriate in this case.
After the above five reasons for departure, the trial court gave a "boilerplate" statement that "Reasons 1, 2, 3, and 4, by themselves, would be sufficient to support the sentence imposed."
We find at least three of the five written reasons to be invalid bases for departure. First, Reason # 1 is clearly invalid under the supreme court's holding in Whitehead v. State, 498 So.2d 863 (Fla. 1986). Reason # 2 is also invalid, as the facts in Walker v. State do not mandate a life sentence in the instant case. In Walker, the defendant was found guilty of attempted second-degree murder with a firearm. Since a firearm was used, attempted second-degree murder was reclassified from a second-degree to a first-degree felony. The sentence for the first-degree felony was then enhanced to life, pursuant to the habitual offender statute. Section 775.084(4)(a)1. In the instant case, the defendant was convicted of second-degree murder with a firearm which, due to the use of a firearm, was reclassified from a first-degree felony to a life felony, and then calculated on the sentencing guidelines scoresheet as such. Section 775.084(4)(a) contains no provision for enhancing or making mandatory the sentence on a life felony. Reason # 5 has repeatedly been found invalid. See Scurry v. State, 489 So.2d 25 (Fla. 1986); Fryson v. State, 506 So.2d 1117 (Fla. 1st DCA 1987). Appellant concedes the validity of Reason # 3, as relating to the timing of the offenses, leaving only Reason # 4, which this court has previously upheld as valid in Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984). See also Walker v. State, 496 So.2d 220 (Fla. 3d DCA 1986).
Since the trial court apparently felt that a life sentence was mandatory under Walker v. State, 473 So.2d 694 (Fla. 1st DCA 1985), and it is not, we are unable to determine beyond a reasonable doubt that the trial court would have imposed the same sentence in the absence of the invalid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985). This court has recently affirmed departure sentences in cases where the trial court has used "boilerplate" language stating that it would have imposed the same sentence if any one of the reasons were found to be valid. See Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986); Reichman v. State, 497 So.2d 293 (Fla. 1st DCA 1986). However, the boilerplate language used in the instant case appears to indicate that the court would have imposed the same sentence only if Reasons # 1-4 in their totality were found to be valid. We therefore affirm the conviction, but reverse and remand for resentencing in accordance with this opinion.
REVERSED and REMANDED.
THOMPSON and NIMMONS, JJ., concur.