NIMMONS, Judge
specially concurring,
After the Supreme Court’s opinion in Whitehead v. State, 498 So.2d 863 (Fla. 1986), it appears that the only sphere of applicability of the habitual offender law is in those relatively rare situations where the sentencing guidelines scoresheet calls for a sentence in excess of the offense’s statutory maximum. See Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986). That situation does not exist in the instant case.
Ordinarily, I would not feel that a defendant should be permitted on direct appeal to make the kind of attack which this defendant has made on his negotiated sentence. However, it is abundantly clear from the record in this case that the sole inducement for the defendant’s agreement to the ten year sentence was the threat of a greater term via the habitual offender law which, unbeknownst to the defendant, was legally impossible. Prior to sentencing, the trial court addressed the defendant as follows:
The Court: [M]y reason for exceeding the guidelines, which I'm going to do in your case, is that the state is agreeable not to pursue against you the habitual offender treatment which would result in a very, very lengthy term.
Finally, although the state has not argued this point, we have considered the possible argument that since the defendant was convicted of a first degree felony his adjudication as an habitual offender would have required imposition of a mandatory term of life imprisonment by reason of Section 775.084(4)(a)(l), Florida Statutes, and that such mandatory sentence would take precedence over the lesser guidelines sentence under Fla.R.Crim.P. 3.701(d)(9). Thus, so the argument goes, the defendant did obtain a valuable quid pro quo for his agreement to the ten year term. That argument was made in Brown v. State, 509 So.2d 1164 (Fla. 1st DCA 1987) and rejected:
The state’s argument must fail because this court in Walker v. State, 499 So.2d 884, 886 (Fla. 1st DCA 1986), has construed the Supreme Court’s Whitehead opinion to preclude reliance upon habitual offender status for departure even where application of the habitual offender statute purports to increase the allowable sentence to a mandatory life term.
Id. 509 So.2d at 1165.
In view of the Supreme Court’s decision in Whitehead, which was decided well after the trial judge imposed the sentence in this case, I agree that we must reverse the sentence and remand for resentencing.