530 So.2d 51 (1988)
STATE of Florida, Petitioner,
v.
Marcus L. BROWN, Respondent.
No. 71101.
Supreme Court of Florida.
June 16, 1988.
Rehearing Denied September 23, 1988.
*52 Robert A. Butterworth, Atty. Gen. and Bardford L. Thomas, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
BARKETT, Justice.
We have for review Brown v. State, 509 So.2d 1164 (Fla. 1st DCA 1987), based on express and direct conflict with Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the result reached below.
Respondent was convicted of armed robbery in the Duval County Circuit Court. After determining that respondent was an habitual offender, the trial court imposed a life sentence on September 30, 1986, instead of the guidelines' recommendation of seven to nine years. In doing so, the trial judge entered two separate orders, one of which found respondent to be an habitual offender falling under an ostensibly mandatory life penalty, see section 775.084(4)(a)1., Fla. Stat. (1985);[1]but see chapters 75-116 and 75-298, Laws of Florida, and the other of which characterized the life sentence as a "departure" under the sentencing guidelines. On appeal, the First District concluded that the sentence was an improper departure under this Court's reasoning in Whitehead v. State, 498 So.2d 863 (Fla. 1986). Brown, 509 So.2d at 1165.
We agree with the district court. In Winters v. State, 522 So.2d 816 (Fla. 1988), we recently stated:
The central premise underlying Whitehead is that any conflict between the habitual offender statute and the sentencing guidelines must be resolved in favor of the guidelines and their policies. See [498 So.2d] at 865.
Id. This conclusion rests on the settled rule of statutory construction that separate, if apparently conflicting, statutes will be construed as having mutually consistent fields of operation to the greatest extent possible, Carawan v. State, 515 So.2d 161 (Fla. 1987); Wakulla County v. Davis, 395 So.2d 540, 542 (Fla. 1981), but to the extent of irreconcilable conflict, the most recent statute generally will be considered controlling. Askew v. Schuster, 331 So.2d 297 (Fla. 1976). This is especially true where the latter statute specifically addresses an entire field of law, as the statutory basis of the guidelines was meant to do. See Whitehead, 498 So.2d at 865.
The mandatory word "shall" contained in section 775.084(4)(a)1. clearly is at odds with the central policy of the guidelines, that sentences should be imposed uniformly and without unwarranted variation. 498 So.2d at 865. Moreover, we previously have concluded that the guidelines take into account all factors considered in habitualizing *53 a repeat offender. Id. With regard to the mandatory life sentence contained in section 775.084(4)(a)1., we thus conclude that
the objectives and considerations of the habitual offender statute are fully accommodated by the sentencing guidelines. In light of this, and the clear language of section 921.001(4)(a), we must conclude that section 775.084 cannot be considered as providing an exemption for a guidelines sentence [in this context].
498 So.2d at 865.
We are further persuaded that the legislature never intended section 775.084(4)(a)1. to be mandatory. The word "shall" as used in section 775.084(4)(a)1. first appeared in the 1975 edition of Florida Statutes and has remained in all subsequent editions. After researching relevant session laws from the Laws of Florida (1975), we conclude that the legislature itself never inserted the word in the statute and that the word "shall" either was an editorial error or a misapprehension of actual legislative intent by the editors. Both chapters 75-116 and 75-298, Laws of Florida, the only two laws amending section 775.084 during the 1975 session, clearly use the word "may." This expresses an unequivocal legislative intent that the life sentence should be permissive, not mandatory.[2] Moreover, no prior or subsequent legislation contained in the Laws of Florida has purported to change the word "may" to "shall."
In harmony with this legislative intent, we accordingly hold that section 775.084(4)(a)1. has been implicitly repealed by the enactment of section 921.001, Florida Statutes (1985), to the extent that the former may be construed as requiring a mandatory life penalty. See ch. 82-145, Laws of Fla.
As we did in Winters, however, we conclude that section 775.084(4)(a)1. nevertheless may be accorded a field of operation in harmony with the guidelines. See Carawan. We thus hold that section 775.084(4)(a)1., Florida Statutes, must be read only as authorizing a permissive maximum penalty of life in prison. The guidelines still shall be applied in accordance with the principles outlined in Whitehead and elaborated upon in Winters. Thus, when a felony offender is properly habitualized and the guidelines sentence is less than life, the trial judge may not exceed the guidelines' recommendation absent a valid reason for doing so, notwithstanding the mandatory language of section 775.084(4)(a)1. as contained in Florida Statutes.[3] Habitual offender status itself is not a valid reason. Whitehead.
For the foregoing reasons, the result reached by the district court is approved.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The relevant portion of the habitual offender statute states:

The court ... shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.
§ 775.084(4)(a)1., Fla. Stat. (1985) (emphasis added).
[2] It is equally clear, however, that the legislature has repealed all laws adopted prior to 1985 that are not included in Florida Statutes (1987). § 11.2421, Fla. Stat. (1987). Since this case need not be decided on this basis, we do not reach the question of whether section 11.2421, Florida Statutes (1987), can operate to require a mandatory life sentence when the legislative intent clearly was only to make the life sentence a permissive maximum penalty.
[3] This case has nothing to do with the applicability of Florida Rule of Criminal Procedure 3.701(d)(9) to mandatory or mandatory minimum penalties prescribed in any other criminal statute.