BARKETT, Justice.
This cause is before us on a petition for writ of mandamus. We have jurisdiction[1] and grant relief.
Petitioners are six foreign-trained professionals who seek an unrestricted license to practice dentistry under section 455.218, Florida Statutes (1987), which requires respondent to provide procedures for the examination and licensure of such persons.[2] On April 3, 1989, respondent advised peti *727 tioners that each had passed the dental examination, yet declined to issue licenses.[3]
Petitioners argue that respondent has an unqualified obligation to issue unrestricted licenses to petitioners under section 455.-218(5), Florida Statutes (1987),[4] and that mandamus is appropriate relief under these circumstances.
Respondent contends that mandamus is inappropriate because there is no specific and clear obligation that it issue an unsupervised license to practice dentistry. It relies upon section 455.2182, Florida Statutes (1987), which provides:
Nothing contained herein shall be construed to allow the unsupervised practice of any health care practitioner licensed pursuant to chapter 86-90, Laws of Florida.
(Footnote omitted.) Petitioners respond that section 455.2182 has no application to foreign-trained professionals who qualify for licensure under section 455.218, but applies exclusively to osteopathic physicians and osteopathic physician assistants. We agree.
Section 455.2182 originally appeared at chapter 86-290, section 25, Laws of Florida. Our review of the legislative history of chapter 86-290 indicates that it was generally codified at chapter 459, Florida Statutes, relating to the practice of osteopathic medicine. However, chapter 86-290, section 25, was codified at section 455.2182, Florida Statutes (1987), by the Division of Statutory Revision. Thus, the placement of that section in chapter 455, relating to regulation of professions generally, does not reflect the legislative intent. In the past we have rejected the possibility of allowing editorial changes to defeat the true intent of the legislature. See State v. Brown, 530 So.2d 51, 53 (Fla.1988).
The intent in this instance is clear. As respondent conceded at oral argument, the word “herein” in section 455.2182 refers to chapter 86-290, relating to osteopathic medicine. It was intended as a limitation on the practice of osteopathy, and in light of its history cannot be construed as a grant of authority to respondent for the conditional licensure of foreign-trained professionals.
Accordingly, under section 455.-218(5), respondent has an obligation to unconditionally license petitioners upon completion of the statutory requirements. Petitioners are entitled to the relief they seek. State ex rel Glynn v. McNayr, 133 So.2d 312, 316 (Fla.1961) (mandamus is available to enforce a clearly established right).
For the reasons expressed, we grant the petition for writ of mandamus and order respondent immediately to issue unconditional licenses to petitioners pursuant to section 455.218.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, SHAW, GRIMES and KOGAN, JJ., concur.

. Art. V, § 3(b)(8), Fla. Const.

. That section was created by chapter 86-90, Laws of Florida, to permit certain foreign-trained professionals to become licensed to practice in Florida after passing an examination administered by respondent. The Law, in part, defines an eligible applicant as one who, “[p]rior to 1980, successfully completed an approved course of study pursuant to Chapters 74-105 and 75-177” and who “[pjresents a certificate demonstrating the successful completion of a continuing education program which provides the applicant with a course of study which will prepare him for [a written practical examination offered by the Department]_" Ch. 86-90, § 1(f), (g), Laws of Fla.

. Respondent has since issued restricted licenses which require petitioners to practice under supervision for one year.

. That section provides:
The [Department of Professional Regulation] shall license any applicant who meets the requirements of subsections (1) and (2).... All licenses so issued are subject to the administrative requirements of chapter 455 [relating to the regulation of professions generally] and the respective practice act under which the license is issued. Each applicant so licensed is subject to all provisions of this chapter and the respective practice act under which his license was issued.
(Footnote omitted.)