581 So.2d 928 (1991)
Andrea Lemont HENRY, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2783.
District Court of Appeal of Florida, Third District.
June 11, 1991.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
*929 Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
COPE, Judge.
Andrea Henry[1] appeals his convictions of several criminal offenses and his life sentence as an habitual offender.
We conclude that defendant's challenges to his convictions for aggravated assault with a firearm and aggravated battery with a firearm are without merit. The convictions are affirmed.
Defendant's second point on appeal has merit. Defendant was found to be an habitual offender pursuant to section 775.084, Florida Statutes (Supp. 1988).[2] He does not challenge the validity of that finding. After the finding was made, the State argued that under the habitual offender statute, the trial court had no alternative but to sentence defendant to a life term. See § 775.084(4), Fla. Stat. (Supp. 1988). While the record is not entirely clear, it appears that the trial court accepted the State's argument about the mandatory nature of the penalty. Defendant was sentenced to life on count II (armed burglary of an occupied dwelling) and lesser terms on the other counts.
Paragraph 775.084(4)(a), Florida Statutes (Supp. 1988), provides:
The court, in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life.
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
3. In the case of a felony of the third degree, for a term of years not exceeding 10.
Contrary to the State's assertion, the "shall sentence" provision of the habitual offender statute, id. § 775.084(4)(a), is permissive, not mandatory. State v. Brown, 530 So.2d 51, 53 (Fla. 1988) (construing 1985 statute); McNair v. State, 563 So.2d 804 (Fla. 3d DCA 1990) (1987 statute).[3] As was true in Smith v. State, 574 So.2d 1195 (Fla. 3d DCA 1991), we are "uncertain as to whether the court believed that it could in fact decline to impose that [life] sentence. We therefore believe that the interests of justice require us to vacate the sentence so that the trial judge may consider the matter as one within his discretion." Id. at 1197 (footnote omitted). See also Berezovsky v. State, 350 So.2d 80, 80-81 (Fla. 1977); Doe v. State, 499 So.2d 13, 14 (Fla. 3d DCA 1986); Glosson v. Solomon, 490 So.2d 94, 95 (Fla. 3d DCA 1986). On remand, the trial court may, of course, reimpose the life sentence, or a term less than life, under the statutory procedure. See State v. Brown, 530 So.2d at 53 n. 2 ("the legislative intent clearly was only to make the life sentence a permissive maximum penalty."). We decline to follow Donald v. State, 562 So.2d 792 (Fla. 1st DCA 1990), and note, as did Smith, that the Donald court nowhere mentions Brown  with which, in our view, Donald is in conflict.[4]
The State argues that the 1988 and 1989 amendments to the habitual offender statute undercut Brown on the point at issue here. See ch. 89-280, § 1, Laws of Fla.; ch. 88-131, § 6, Laws of Fla. We disagree. Brown was announced after adjournment of the 1988 legislature. See 1988 Laws of Fla., at i. While the 1988 legislation made several substantive changes in the habitual offender statute, the legislation did not address the "shall sentence" provision of the *930 habitual offender statute. In 1989, after Brown had been announced, the legislature amended another part of the habitual offender statute but reenacted paragraph 775.084(4)(a)  the "shall sentence" provision  without change. Under ordinary principles of statutory construction, that is at least some indication that the legislature approved of the Brown court's construction of the unchanged part of the statute. See Davies v. Bossert, 449 So.2d 418, 420 (Fla. 3d DCA 1984).
While we are bound by Brown, the Brown interpretation is also the most logical one. It results in a harmonious reading of the sentencing provisions of paragraphs (4)(a) (habitual felony offender) and (4)(b) (habitual violent felony offender). It is illogical to assume that the legislature intended to confer sentencing discretion in subparagraphs 775.084(4)(a)(2) and (3) ("a term of years not exceeding 30" and "a term of years not exceeding 10") and throughout paragraph 775.084(4)(b) ("may sentence the habitual violent felony offender as follows") (emphasis added), while eliminating sentencing discretion solely for habitual felony offenders convicted of first degree felonies. There is no reasonable or discernible basis for such a distinction. See S.R. v. State, 346 So.2d 1018, 1019 (Fla. 1977) (interpretation of the word "shall" as mandatory or discretionary "depends upon the context in which it is found and upon the intent of the legislature as expressed in the statute.").
The interpretation advanced by the State would lead to one other anomaly which should be mentioned. A trial court can opt out of the habitual offender statute "[i]f the court decides that imposition of sentence under this section is not necessary for the protection of the public... ." § 775.084(4)(c) (emphasis added). There will undoubtedly be cases in which the trial court concludes that an extended sentence is necessary for protection of the public  but not a life sentence. Under the interpretation advanced by the State, in such a circumstance the sentencing judge would only be able to impose a guidelines sentence. We do not think the legislature intended to create an all or nothing, life or guidelines choice in that situation.[5]
Finally, the State argues that the sentence must be affirmed under this court's decision in McNair. The State interprets McNair as holding that a trial court's misapprehension about its sentencing discretion under the habitual offender statute will not be a basis for reversal so long as a legal sentence is imposed. That is an incorrect reading of McNair.
McNair was decided under the 1987 version of the habitual offender statute. 563 So.2d at 805. At that time, habitual offender dispositions were subject to the sentencing guidelines. State v. Brown, 530 So.2d at 53. Since the trial court had sentenced McNair within the guidelines, the McNair court concluded that any misapprehension about the habitual offender statute was immaterial; the guidelines disposition was required in any event by Brown.[6] We reach a different result under the 1988 and later statutes; there the guidelines are inapplicable and a misapprehension by the trial court of its sentencing discretion is material to the sentencing decision. Under Smith, there must be a new sentencing hearing.
Conviction affirmed; reversed and remanded for a new sentencing hearing.
NOTES
[1] The defendant has been referred to in the briefs as Andre Henry. The judgment was entered against Andrea Lemont Henry.
[2] The 1988 statute was in effect at the time the offenses were committed.
[3] Although the portion of the statute just cited was amended in 1988, see ch. 88-131, § 6, Laws of Fla., the "shall sentence" provision was carried forward without change.
[4] We certify express and direct conflict with Donald; State v. Allen, 573 So.2d 178 (Fla. 2d DCA 1991); and Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990).
[5] By way of illustration, the guidelines recommended range was 12-17 years in the present case.
[6] Under the 1987 statute, this would be true absent a basis for a departure sentence.