PER CURIAM.
In his petition for writ of habeas corpus Samuel Wigfals contends that he received *321 ineffective assistance from his appellate public defender in a 1985 appeal.[1] We deny the petition.
Wigfals was convicted of armed robbery and sentenced to 35 years. The sentence represented a departure from the guideline recommendation. The trial court appears to have departed upward, based on its finding that Wigfals was a habitual felony offender. No sentencing issues were raised on plenary appeal. Wigfals now contends that counsel erred in failing to contest the departure.
In Whitehead v. State, 498 So.2d 863 (Fla.1986), the supreme court held that habitual offender status was not a valid basis for departing from guidelines. Indeed, had Wig-fals’s appeal been pending after the decision in Whitehead, counsel would have been well-advised to include this issue in his brief.[2] At the time this appeal was prepared and decided, however, the law in this district supported the departure. See, e.g., Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984). It is thus understandable why appellate counsel chose not to attack the sentence. Cf. Rowe v. State, 523 So.2d 620, 623 (Fla. 2d DCA 1988) (counsel not ineffective for lack of “clairvoyance” regarding the Whitehead issue).[3]
Wigfals also contends that, having been convicted of a first degree felony punishable by life,[4] he could not be subjected to the enhancement provisions of the habitual offender statute, which refers only to first degree felonies. This portion of the petition cites the supreme court’s decision, in State v. Brown, 530 So.2d 51 (Fla.1988).
In this instance there is simply no error for appellate counsel to have cited., Brown quite clearly does not stand for the position advanced by Wigfals. His confusion appears to stem from the coincidental fact that the underlying conviction in Brown was, like his own, an armed robbery. However, the central issue in Brown was whether the language in section 775.084(4)(a)1, Florida Statutes (1985), was permissive or mandatory— that is, whether the trial court “shall” impose a life sentence for a first degree felony enhanced by section 775.084. In concluding that the language was permissive only, the supreme court reaffirmed its prior holdings in Whitehead and in Winters v. State, 522 So.2d 816 (Fla.1988) (habitual offender statute remained valid, after guidelines, where necessary to harmonize guideline recommendation and maximum possible sentence). Wigfals cites no authority squarely holding that “habitualization” of a first degree felony punishable by life was, in 1985 or any other time, unlawful per se. In fact, Burdick v. State, 594 So.2d 267 (Fla.1992), explicitly holds otherwise.
Petition denied.
CAMPBELL, A.C.J., and ALTENBERND and BLUE, JJ., concur.

. Case number 85-611, reported at 484 So.2d 21 (Fla. 2d DCA 1986) (table).

. We recognize that Whitehead was pending in the supreme court at the time this court was considering Wigfals’s appeal. However, the supreme court’s jurisdiction was predicated on a question of great public importance, certified at 467 So.2d 779, 780 (Fla. 1st DCA 1985), which is not relevant to Wigfals’s case and which would have given counsel no clue the court would go on to decide the relationship between the habitual offender statute and guidelines: "When a defendant who committed a crime before 1 October 1983 affirmatively selects sentencing pursuant to the sentencing guidelines, must the record show the defendant knowingly and intelligently waived the right to parole eligibility?” At the time of Wigfals’s appeal there was no recognized conflict with Brady, and Wigfals has not alleged any reasonable basis for his attorney to have anticipated the result in Whitehead on this uncertified issue.

. This court held in Rowe and in McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987), approved, 534 So.2d 1144 (Fla.1988), that Whitehead should not receive retroactive application. It should be noted that Wigfals attempted to raise the Whitehead issue in a 1987 motion for post-conviction relief. The denial of that motion was affirmed, citing McCuiston. Wigfals v. State, 514 So.2d 64 (Fla. 2d DCA 1987) (table).
Wigfals does not claim that his prior record was insufficient to permit application of the habitual offender statute.

. See § 812.13(2)(a), Fla.Stat. (1983).