596 So.2d 1153 (1992)
STATE of Florida, Appellant,
v.
Larry Leon KENDRICK, Appellee.
No. 90-1659.
District Court of Appeal of Florida, Fifth District.
March 27, 1992.
Rehearing Denied April 29, 1992.
Norman R. Wolfinger, State Atty., and Joseph N. D'Achille, Jr., Asst. State Atty., Titusville, for appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellee.
COWART, Judge.
The issues in this case are whether: (1) the trial court, after adjudicating a defendant to be an habitual felony offender, may place the defendant on probation, thus imposing a sanction that is lower than the range recommended by the sentencing guidelines, and (2) the State can appeal such a disposition.
The defendant pled guilty to the offense of escape (§ 944.40, Fla. Stat.), a second degree felony, with a statutory maximum punishment of 15 years[1] incarceration. His sentencing guidelines category 8 scoresheet totaled 93 points, indicating a sentencing recommended range of 3 1/2 to 4 1/2 years incarceration and a permitted range of 2 1/2 to 5 1/2 years incarceration.
The trial court determined that it was necessary for the protection of the public that the defendant be sentenced as an habitual felony offender[2] (§ 775.084, Fla. Stat.), adjudicated him guilty of escape and placed him on straight probation[3] for 15 years, with conditions including 6 months confinement in the county jail. The State appeals the probation disposition. We reverse.
Section 924.07(1), Florida Statutes, provides that the state may appeal from (e) a sentence, on the ground that it is illegal and (i) a sentence imposed outside the range recommended by the guidelines authorized by section 921.001. Similarly Florida Rule of Appellate Procedure 9.140(c)(1) provides that the State may appeal (I) an *1154 illegal sentence, and (J) a sentence imposed outside the range recommended by the guidelines authorized by section 921.001, Florida Statutes (1983) and Florida Rule of Criminal Procedure 3.701.
The relevant portion of the Habitual Offender Act, section 775.084(4)(a) provides:
(4)(a) The court ... shall sentence the habitual felony offender as follows:
* * * * * *
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
[Emphasis added].
The State argues that the probation disposition is "illegal" in that section 775.084(4)(a), Florida Statutes (1988), mandates that the habitual felony offender receive a prison sentence of a term of years and that, accordingly, the probation disposition in this case constitutes an "illegal" sentence.
The defendant does not assert that the State has no right of appeal but, citing State v. Brown, 530 So.2d 51 (Fla. 1988), joins issue with the State as to whether the habitual felony offender statute mandates a prison sentence.
In Brown the supreme court held that when a felony offender is properly adjudicated an habitual offender and the guidelines sentence is less than life, the trial court may not exceed the guidelines recommendation absent a valid reason for doing so, notwithstanding the seemingly mandatory language of section 775.084(4)(a)(1), Florida Statutes. Thereafter, the legislature amended the habitual offender statute to make habitual offender sentencing independent of the sentencing guidelines. Chapter 88-131, § 6, Laws of Florida. In Burdick v. State, 594 So.2d 267 (Fla. 1992), however, the supreme court held that section 775.084(4)(a), which states:
The court, in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life[,]
does not make imposition of a life sentence mandatory but rather makes it permissive with the trial court. See also State v. Washington, 594 So.2d 291 (Fla. 1992); State v. Eason, 592 So.2d 676 (Fla. 1992).
Brown and Burdick do not control here where the operative phrases are "shall sentence" and "for a term of years". Neither case holds that a trial court may impose straight probation upon a defendant determined to be an habitual felony offender.
The statute originally authorizing probation in Florida (now in section 948.01(3), Florida Statutes), clearly shows that the intent of the concept was that probation was not a sentence at all but was a conditional limbo-like status during a period of time between a finding of criminal guilt and the imposition of a sentence, if a sentence was ever imposed. The placing of a defendant on probation is in lieu of a sentence. (§ 948.01(3), Fla. Stat.) This aspect of the probation concept avoids any constitutional question when the defendant, after violating the conditions upon which sentencing was deferred, is finally sentenced and permits upon violation, imposition of "any sentence which it [the court] might have originally imposed." (§ 948.06(1), Fla. Stat.). Poore v. State, 531 So.2d 161 (Fla. 1988).
As the habitual felony offender statute (§ 775.084(4)(a)2., Fla. Stat.) mandates a "sentence" of "a term of years", the placing of the defendant on straight probation in lieu of sentence (§ 948.01(3), Fla. Stat.) constitutes an unauthorized and "illegal" sentence which the State is entitled to appeal under section 924.07(1)(e), Florida Statutes, and Florida Rule of Appellate Procedure 9.140(c)(1)(I).
PROBATION ORDER REVERSED and CAUSE REMANDED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] § 775.082(3)(c), Fla. Stat.
[2] Actually, the judge gave the defendant sentencing alternatives of either (1) a guidelines sentence of 3 1/2 years incarceration or (2) adjudication as an habitual felony offender (which raised the defendant's potential incarceration from 15 years to 30 years) with probation for 15 years with a condition of six months county jail confinement. Defense counsel repeatedly indicated preference for the 3 1/2 year option. The trial judge, over the State's objection, proceeded to adjudicate the habitual felony offender status and probation alternative. The State asserts in its initial brief that the record shows that the escape offense, for which the defendant was before the court for sentencing, was the defendant's fourteenth felony offense. The scoresheet would suggest only nine felonies and two misdemeanors. In either event, considering the defendant's propensity to break the law, and the alternative of 3 1/2 years incarceration now or up to 30 years if and when he breaks probation, defense counsel exercised sound judgment in preferring the 3 1/2 year guidelines sentence for his client.
[3] See § 948.01(3), Fla. Stat.