605 So.2d 508 (1992)
STATE of Florida, Appellant,
v.
Lee Edward MANNING, Appellee.
No. 92-35.
District Court of Appeal of Florida, Fifth District.
September 4, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
HARRIS, Judge.
The State of Florida timely appeals the judgment and sentence of Lee Edward Manning. The State raises only the legality of the sentence.[1]
Following a jury trial, Manning was found guilty of robbery. The State filed a notice of intent to seek enhanced punishment pursuant to section 775.084, Florida Statutes. At sentencing, Manning did not contest his qualification as an habitual offender but argued that his crimes were the result of an alcohol and drug problem and that he was amenable to treatment (which he was then receiving). Officer John Chisari, of the Orlando Police Department, testified that he works with inmates in the Orange County Jail's Genesis Program. He testified that the program works for some inmates but that others are there just to scam the system. He believed that Manning was not totally involved in the program, but admitted that he had talked with him only three or four times. The court, at sentencing, stated:

*509 Mr. Manning, based upon your history, there is no question in my mind of your long-standing drug problem. Based also on your history, there is no question in my mind that you engage in violent or potentially violent actions, when you are under the influence of drugs and alcohol. Therefore, I would find that you not only qualify as a habitual violent felon, but in the event that you don't get this drug problem straightened out, I think it's very necessary for you to be sentenced as a habitual violent felon. Therefore, I'm going to sentence you under these, in this case, as a habitual violent felon, to twelve years in the department of corrections. I'm sorry. To fifteen years in the Department of Corrections, as a habitual violent felon. However, I'm going to suspend that as a condition of serving twenty-four months of community control, followed by three years of supervised probation. I'm doing this because the defendant's history is clearly, criminal history is drug related. The defendant is apparently dealing with these, drug counseling, his drug addiction. Recommendation is from the Genesis program, Chaplain Dan Matucci (phonetic), and a psychiatrist, psychologist, who's doing individual counseling, this is Paul Belditch (phonetic).[2] Based upon that, I'm going to deviate down, because he does appear amenable to dealing with his drug problem, and he has a good prognosis at this time. But Mr. Manning, you understand that you carry with you fifteen years in the state penitentiary in your hip pocket. That means if you are sentenced to that fifteen years because you violated this probation, you will probably do twelve years of that time.
When the State pointed out that section 775.084(4)(b)(2) provided for a mandatory minimum term of ten years, the court responded:
Well Mr. Graham, based upon the recommendations that I have got, based upon his history, it's clear his history is drug related. It's the first time the man has ever dealt with. We sent him up to department of corrections before, and nothing has happened. Nothing worked. We got a guy who has been in jail for five hundred days. It is demonstrated that he is now beginning to work his program. I've got to give him an opportunity to try and show us. I'm not going to just send him up to department of corrections. Not do any good. And if you don't take a chance  I realize it's risky. The circumstances.
I'm going to let the sentence stand at this point. I will state for the record that it would be the Court's intention, if I were to have to resentence him as a habitual felon to department of corrections, given the circumstances that he has demonstrated in the Genesis program, I would probably not sentence him as a habitual felon. I want him to carry around a heavy burden, to insure that he is going to not relapse, but if he does relapse, I think it would be necessary for him to do a great amount of time. In addition to the restitution requested, that's the one hundred seventy dollars to the police officer, Mr. Bursells, I'm going to order that as a condition of community control, and probation, that the defendant enter and complete the long-term residential drug treatment program through the Metro Alcohol Counsel. He will be held in the Orange County jail until such time a bed is available in that program. Could be another two or three months, but you have to stay until that bed is available, is that clear?
The State now argues that trial court erred when it found Manning qualified as a violent habitual felony offender, but sentenced him to a suspended sentence of fifteen years on the condition he successfully complete twenty-four months of community control to be followed by three years probation. The State urges that not only is this sentence not one of the five approved sentencing schemes allowed by Poore v. State, 531 So.2d 161 (Fla. 1988), but it is also an illegal attempt to circumvent the ten year minimum mandatory sentence *510 required by section 775.084, Florida Statutes.
In Poore, the Florida Supreme Court held that a judge has five basic sentencing alternatives: (1) period of confinement, (2) "true split sentence" consisting of a period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion, (3) "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation preceded by a period of confinement imposed as a special condition, (4) a Villery sentence consisting of a period of probation, and (5) straight probation. This court held in Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA 1992), a violation of probation case, that where a defendant was originally sentenced as an habitual offender to ten years incarceration suspended upon the successful completion of two years community control, such a sentence was not one of the Poore alternatives and was therefore illegal. See also, Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992) (364 days in the county jail suspended upon successful completion of probation is not one of alternatives set out in Poore).
The State also urges that section 775.084(4)(b)2, Florida Statutes, precludes the trial court from circumventing the ten year minimum mandatory sentence:
(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years. (Emphasis added.)
The issue of whether the court, after determining that the defendant is a habitual offender, may impose a probation or community control "sentence" was before the court in King v. State, 597 So.2d 309 (Fla. 2d DCA 1992). That court, en banc, in carefully analyzing the habitual offender provisions determined:
We, therefore, conclude that a trial judge retains the discretion to exercise leniency in regard to habitual felony offenders in two ways. First, using subsection 775.084(4)(c), the trial judge may simply decide not to sentence the defendant as an habitual felony offender. Second, having determined to sentence the defendant as an habitual felony offender, the trial judge has the discretion to sentence an habitual felony offender to any terms of years up to the maximum sentence provided in subsection 775.084(4)(a)(1), (2) and (3) or as an habitual violent felony offender to any term of years not less than the minimum mandatory nor more than the maximum sentence provided in subsections 775.084(4)(b)(1), (2) and (3). (Emphasis added.)
We agree with the King analysis and hold that the sentence in this case is invalid because Manning was sentenced under the provisions of the Habitual Offender Act and the sentence is not for a "term of years" and does not satisfy the minimum statutory requirement.
The supreme court in Burdick v. State, 594 So.2d 267 (Fla. 1992), and in State v. Washington, 594 So.2d 291 (Fla. 1992) held that "shall" means "may" and that sentencing under the habitual felony statute is permissive only. But both these cases dealt with first degree felonies punishable by life. The supreme court held that the sentence for a habitual offender (shall) and for a habitual violent offender (may) should be construed to give the court the same discretion. However, both the habitual offender and the habitual violent offender provisions require a "term of years." Certainly, the logic behind having a habitual offender classification in order to enhance punishment is totally frustrated if the court has the discretion to sentence such offender under its provisions to probation. We do not think that was the intent of Burdick and Washington.
This would mean that a judge could downward depart without reason (thus avoiding the guideline requirements) by merely declaring the defendant to be a habitual offender. We do not see this result as having been intended by the legislature.
*511 We must now determine the impact, if any, that Scates v. State, 603 So.2d 504 (Fla. 1992), has on this case. In Scates, the defendant was convicted of purchasing cocaine within 1,000 feet of a school under section 893.13(1)(e)(1), which mandated that he "be sentenced to a minimum term of imprisonment of three calendar years." A 4-3 majority of the supreme court held that the specific direction of section 893.13(1)(e)(1) must yield to the general provisions of Chapter 397 which gives discretion to the trial judge to order rehabilitation "in lieu of, or in addition to, imposition of criminal penalties." We hold that Scates is not applicable to this case.
Chapter 397 applies only to those charged under "any provision of Chapter 893 or of a violation of any law committed under the influence of a controlled substance." Manning was convicted of robbery, not a Chapter 893 crime, and there is no proof in the record or finding by the trial judge that he was under the influence of a controlled substance at the time he committed the robbery. Robbing in order to feed a drug habit does not meet the statute's clear requirement.
REVERSED and REMANDED for RESENTENCING.
COBB, J., concurs.
COWART, J., concurs specially, with opinion.
COWART, Judge, specially concurring.
This court held in State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA 1992) that after adjudicating a defendant to be an habitual felony offender, the trial court may not place the defendant on probation and thereby impose a sanction lower than the range recommended by the sentencing guidelines without giving reasons justifying a downward departure sentence. The holding in Kendrick is the only authority needed to rationalize a reversal in this case.
NOTES
[1] No answer brief was filed in this case.
[2] These recommendations are not contained in the appellate file.