617 So.2d 371 (1993)
Michael PINARDI, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1167.
District Court of Appeal of Florida, Fifth District.
April 16, 1993.
*372 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Michael Pinardi timely appeals his sentence. He pled nolo contendere to aggravated assault without a firearm (a third degree felony). Adjudication was withheld and he was placed on five years probation with the condition that he not possess firearms. Pinardi violated his probation when he was arrested for committing a lewd act while driving a motorcycle and driving with a suspended license. In the VOP order, his probation was modified to include court costs and to require thirty days incarceration as a special condition.
Pinardi again violated his probation when he was arrested for grand theft of two firearms and uttering several forgeries. He entered a written nolo contendere plea to these offenses and his probation was revoked. He was resentenced to serve five years incarceration but the incarceration period was entirely suspended and he was ordered to serve two years community control. For some reason, Pinardi appeals from this judgment.
Because the sentence form was altered in order to accommodate the sentence, the effect of the sentence is vague. Did the trial court intend that the suspended portion of the sentence be forgiven if Pinardi successfully completes the community control? Or will the final three years of suspension hang loosely on their own, not supported by either probation or community control?
We have previously held that this type of sentence, not sanctioned by Poore v. State, 531 So.2d 161 (Fla. 1988), is illegal. See State v. Manning, 605 So.2d 508 (Fla. 5th DCA 1992). Even though we recognize that Rule 3.986, Florida Rules of Criminal Procedure, was modified in 1992 apparently to permit pure suspended sentences, this amendment was not effective until after the imposition of Pinardi's sentence in this action. We cling to our belief, at least insofar as sentences prior to the rule change are concerned, that a suspended sentence unconnected with probation or community control is illegal.
We agree with defendant that the sentence of five years incarceration is a departure unsupported by the record. The maximum permissive range under the guidelines would have been three and one-half years. We are not sure, however, that the guidelines govern a "suspended" sentence. Certainly before this departure sentence can become effective, Pinardi must "violate" something again and that should increase *373 the permissive range. This point is moot, however, since we find the sentence illegal.
We remand for sentencing under the guidelines and pursuant to the limitations imposed by Poore.
GOSHORN, C.J., and GRIFFIN, J., concur.