PER CURIAM.
We review Bogush v. State, 597 So.2d 420 (Fla. 2d DCA 1992), because of its conflict with State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA), review dismissed, 613 So.2d 5 (Fla.1992). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
In McKnight v. State, 616 So.2d 31 (Fla.1993), we disapproved Kendrick and adopted the en banc opinion in King v. State, 597 So.2d 309 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla.1992), which held that an habitual offender could be placed on community control. Therefore, the conflict of decisions is resolved.
Thus, Bogush was properly placed on community control as an habitual offender following his plea of guilty to delivery of cocaine. However, upon his violation of community control, Bogush was erroneously sentenced to thirty years’ imprisonment. While sentencing as an habitual offender would have ordinarily permitted a thirty-year sentence, Bogush pled guilty to violating community control upon the understanding that the maximum sentence he could receive would be fifteen years. See Ashley v. State, 614 So.2d 486 (Fla.1993).
Accordingly, we approve the decision below except for the sentence for delivery of cocaine which shall be reduced to fifteen years.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.