633 So.2d 22 (1993)
STATE of Florida, Appellant,
v.
Steven GEOHAGEN, Appellee.
No. 92-4377.
District Court of Appeal of Florida, First District.
October 19, 1993.
Order Certifying Question December 3, 1993.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellant.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellee.
*23 PER CURIAM.
The state appeals the trial court's sentencing of Steven Geohagen to straight probation despite the explicit finding that Geohagen qualified as a habitual felony offender. The issue raised by the state is whether section 775.084, Florida Statutes, authorizes sentences of straight probation. We find this issue controlled by the supreme court's decision in McKnight v. State, 616 So.2d 31 (Fla. 1993), expressly adopting the rationale of the en banc opinion in King v. State, 597 So.2d 309 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992). Accordingly, we reverse.
McKnight simply holds that a trial judge "has the discretion to place an habitual felony offender on probation." 616 So.2d at 31. This holding would appear to compel affirmance; however, in adopting the rationale of King, the McKnight decision belies its simplicity, for King, in reality, does not stand for an affirmative answer to the issue raised by the state. Rather, a careful reading of King leads to the conclusion that section 775.084, by its terms, does not authorize sentences of straight probation. To the contrary, according to the King rationale, section 775.084 affords a trial court a number of options. For example, a trial court may apply the statutory criteria and determine a person to be qualified as a habitual felony offender, but the court is not required thereafter to sentence the person as such if the court decides pursuant to subsection 775.084(4)(c) that a habitual offender sentence is not necessary for the protection of the public. However, once the court makes the latter determination, even though the person qualifies as a habitual offender, King holds that "any sentence then imposed must comport with sentencing guidelines or departure rules and any failure to do so would be the proper subject of appeal by the state as well as the defendant." 597 So.2d at 315-16. As King explained:
It does seem clear that under section 775.084, absent a decision that sentencing as an habitual felony offender is not necessary, any sentence of such an habitualized defendant must be a prison sentence for a term of years not to exceed the maximum sentences allowable. In order to properly sentence a defendant found to be an habitual felony offender to probation or community control, the trial judge would first have to make a decision under subsection 775.084(4)(c) that a sentence as an habitual felony offender was not necessary. Having made that decision, a sentence pursuant to sentencing guidelines would then be required. If the guidelines recommended sentence called for a sentence other than probation or community control, in order to impose such a sentence, the trial judge would be required to enter an order finding proper reasons for a downward departure.
Id. at 317 (emphasis in original).
Applying the above rationale to the facts of the instant case requires reversal. Although the trial court conclusively found Geohagen to be a habitual felony offender, it nonetheless chose to place him on probation.[1] However, the imposition of probation amounted to a downward departure from the guidelines permitted range of 2 1/2 to 5 1/2 years' incarceration. Therefore, it was incumbent on the court to give reasons for this departure. Additionally, we note that nowhere in the record does it appear that the court specifically determined under subsection 775.084(4)(c) that sentencing Geohagen as a habitual offender was not necessary for the protection of the public. Consequently we reverse and remand for the court to reconsider Geohagen's sentence. As there is no indication on the record that the court intended to impose a departure sentence, the court may re-impose a departure sentence if it files appropriate written reasons. See Henderson v. State, 577 So.2d 653 (Fla. 1st DCA), review denied, 589 So.2d 291 (Fla. 1991).
REVERSED and REMANDED for further proceedings.
ZEHMER, C.J., and BARFIELD and ALLEN, JJ., concur.
*24 BY ORDER OF THE COURT:
We grant Geohagen's Motion to Certify Question, and certify the following question as one of great public importance:
In adopting the "rationale" of the en banc opinion in King v. State, 597 So.2d 309 (Fla. 2d DCA 1992), did the decision in McKnight v. State, 616 So.2d 31 (Fla. 1993), expressly adopt that portion of the opinion in King holding that upon sentencing a habitual offender to community control or probation, the trial court must (1) find pursuant to § 775.084(4)(c) that a sentence as a habitual offender was not necessary; and (2) sentence the offender under the guidelines, setting forth written reasons for downward departure should the guidelines recommendation call for a sentence other than probation or community control?
NOTES
[1] In actuality, Geohagen received two probationary sentences: in case number 92-2440 (burglary), Geohagen was placed on probation for five years, with one condition being a year in county jail; in case number 92-2666 (fraudulent use of a credit card and grand theft), Geohagen was placed on probation for five years, to run consecutively to the probation in case number 92-2440. The state argues only the latter sentence is illegal.