HARRIS, Chief Judge.
The defendant, Gary Ackers, was adjudged guilty of one count of aggravated battery and two counts of principal to robbery with a firearm. The trial court found Ackers to be an habitual felony offender according to section 775.084, Florida Statutes (1991), and sentenced him to ten years of incarceration on the aggravated battery. On the robbery convictions, the court found that it was not necessary to sentence Ackers as an habitual offender. Instead, the court imposed concurrent ten-year terms of probation to be served consecutive to the incarceration.
The State appealed the probation terms, claiming that section 775.084 did not permit probation for habitual offenders but required incarceration for a term of years. Therefore, that portion of the sentence was illegal under the guidelines. This court agreed and remanded the case for resentencing consistent with our opinion in Kendrick v. State, 596 So.2d 1153 (Fla. 5th- DCA), rev. dismissed, 613 So.2d 5 (Fla.1992) 618 So.2d 733.
The Florida Supreme Court accepted review based on conflict with other district courts, and Ackers obtained a temporary stay pending review but was ultimately sentenced to two concurrent forty-year prison terms, nunc pro tunc. Subsequently, the supreme court issued its opinion in McKnight v. State, 616 So.2d 31 (Fla.1993), in which it held that a trial judge has discretion to place an habitual felony offender on probation. As the basis for its conclusion, the court adopted the rationale of the en banc opinion in King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla.1992), and disapproved our opinion in Kendrick to the extent that it was in conflict. See also, Bogush v. State, 626 So.2d 189 (Fla.1993).
In light of McKnight, we quash Ackers’ two forty-year sentences and remand with instructions that the trial court resentence Ackers according to the very specific procedure outlined in King v. State:
In order to properly sentence a defendant found to be an habitual felony offender to probation or community control, the trial judge would first have to make a decision under subsection 775.084(4)(c) that a sentence as an habitual felony offender was not necessary. Having made that decision, a sentence pursuant to sentencing guidelines would then be required. If the guidelines recommended sentence called for a sentence other than probation or community control, in order to impose such a sentence, the trial judge would be required to enter an order finding proper reasons for a downward departure. Only then could the state appeal such a sentence based upon an improper departure.
King v. State, 597 So.2d at 317. In Ackers’ case, the trial court has already taken the first step in finding that it was not necessary to sentence Ackers as an habitual offender. However, the court erred in failing to sentence Ackers pursuant to the guidelines without providing written reasons for this downward departure.
REVERSED and REMANDED.
GRIFFIN and THOMPSON, JJ., concur.