MICKLE, Judge.
Following a jury trial, Australia Ozell Rin-kins, Jr., was convicted of attempted second-degree murder with a firearm; shooting a firearm at, within, or into a building; and possession of a firearm by a convicted felon. The trial court found that Rinkins meets the requirements of section 775.084, Florida Statutes (1991). A finding was made that sentencing under the habitual felony offender (HFO) statute was necessary to protect the public, and Rinkins was adjudicated an HFO and sentenced under that statute. For the primary offense, he received five years in prison (including a three-year minimum mandatory term for use of a firearm), to be followed by a term of life on probation. He was sentenced to 15 years of probation for each of the other two offenses, to be served consecutively to the attempted-murder prison sentence and to run concurrently with the term of probation for the primary offense. The state appealed pursuant to section 924.-07(1), Florida Statutes, and Fla.R.App.P. 9.140(e)(l)(I), on the ground that the sentence on the primary offense is illegal. Rin-kins appealed separately challenging his conviction, judgment, and sentence, and the trial court’s denial of his motion for a new trial. The two appeals were consolidated for briefing. We affirm.
The record amply demonstrates that on July 16, 1991, Rinkins shot and wounded Lester Troupe with a .45-calibre automatic handgun while attempting to shoot a third person inside a Tallahassee club. At trial, the state offered (and the defense stipulated to) judgments and sentences to prove Rin-kins’ record of prior felony convictions. Accordingly, we hold that the trial court properly denied the motions for judgment of acquittal and for a new trial.
As to the sentencing, the state contends that the trial court improperly used the HFO statute to sentence Rinkins to a prison term below the permitted range (12 to 27 years) of the sentencing guidelines. Furthermore, the state asserts that five years of imprisonment, to be followed by life on probation, constitutes a downward departure sentence unsupported by any written reasons, in violation of Pope v. State, 561 So.2d 554 (Fla.1990).
*765 The state, in effect, would prefer that we disavow the reasoning enunciated in King v. State, 597 So.2d 309 (Fla. 2d DCA) (en banc), rev. den., 602 So.2d 942 (Fla.1992), in which the Second District Court recognized that the trial court “does retain the discretion to exercise leniency and to sentence a defendant found to be an habitual felony offender ... to a sentence less severe than the maximum sentence that is permitted” by statutory subsection (4)(a). Id. at 314.
Rinkins’ primary offense, attempted second-degree murder with a firearm, is a felony of the first degree pursuant to section 775.087(l)(b), Florida Statutes (Supp.1990), carrying a maximum sentence of 30 years’ imprisonment under the generic statutory sentencing provisions. § 775.082(3)(b), Fla. Stat. (1989); Howe v. State, 596 So.2d 1227 (Fla. 2d DCA 1992). Section 775.087(2)(a), Florida Statutes (Supp.1990), imposes a three-year minimum mandatory prison sentence where, as here, a firearm is used in the attempted offense.
In the ease sub judice, the state filed a notice of intent to have Rinkins classified as an HFO, and the trial court made the requisite findings for adjudicating him as an HFO under section 775.084, Florida Statutes (1991). The applicable sentencing provision of that statute states:
(4)(a) The court, in conformity with the procedure established in subsection (3), shall sentence the habitual felony offender as follows:
1. In the case of a felony of the first degree, for life. Notwithstanding the Legislature’s use of “shall” in subsection (4)(a), the Florida Supreme Court has held that sentencing under that provision was intended to be permissive rather than mandatory, so that (4)(a)(l) authorizes “a permissive maximum penalty of life in prison.” State v. Brown, 530 So.2d 51, 53 (Fla.1988). This interpretation of (4)(a)(l) was reiterated in Burdick v. State, 594 So.2d 267 (Fla.1992), and the Legislature has not subsequently amended this statutory language so as to indicate a contrary intent. See Grimes v. State, 616 So.2d 996, 999 (Fla. 1st DCA), rev. dism., 617 So.2d 319 (Fla.1993). Once the trial court determined that Rinkins is an HFO and should be sentenced according to section 775.084, the express provisions of section 775.084(4)(e), Florida Statutes (1991), rendered the procedures established by the sentencing guidelines inapplicable. King, 597 So.2d at 315. As to the state’s argument that the instant sentence contravenes the legislative intent of section 775.0841, Florida Statutes (1991), to incarcerate career criminals “for extended terms,” we note that subsection (4)(e) of the HFO statute specifically exempts those defendants sentenced thereunder from eligibility for gain-time granted by the Department of Corrections, subject to an exception for incentive gain-time. Corley v. State, 586 So.2d 432, 435 (Fla. 1st DCA 1991). Thus, the HFO provisions continue to provide for certain enhancements of the sentence that are inapplicable to guidelines sentences.
At the sentencing hearing, the state requested a sentence of life in prison for Rin-kins. Clearly, section 775.084(4)(a)(l), Florida Statutes, authorizes such a penalty, and the trial court could have imposed a more severe sentence than it did. We decline to comment as to whether we might have imposed a different punishment had we been the sentencing tribunal, inasmuch as the de-cisional law invests the sentencing court with wide discretion on such matters. Stripling v. State, 602 So.2d 663 (Fla. 3d DCA 1992) (reversing life term imposed under subsection (4)(a)(l), where trial judge apparently deemed the sentencing result as mandatory).
We are unwilling to embrace the state’s argument that the trial judge lacked the discretion under subsection (4)(a)(l) to sentence a habitual felony offender to five years in prison, to be followed by life on probation. See Ackers v. State, 618 So.2d 733 (Fla.1993) (quashing district court’s decision holding it impermissible to impose a sentence of probation for a first-degree felony punishable for a term of years not exceeding life imprisonment); McKnight v. State, 616 So.2d 31 (Fla.1993) (trial judge has discretion to place habitual felony offender on probation); State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA) (placement of habitual felony offender on straight probation in lieu of “sentence” “for a term of years” under subsection (4)(a)(2) constituted illegal sentence), review dismissed, *766 613 So.2d 5 (Fla.1992), disapproved in part, McKnigkt, 616 So.2d at 31. Rinkins’ punishment is distinguishable from those sentences found to be illegal in the decisions cited by the state. See, e.g., State v. Geohagen, 633 So.2d 22 (Fla. 1st DCA 1993) (absent a determination under subsection (4)(c) that habitu-alization was not necessary for the protection of the public, § 776.084 did not authorize sentence of straight probation, and under guidelines, this constituted improper downward departure without supporting written reasons); State v. Manning, 605 So.2d 508 (Fla. 5th DCA 1992) (habitual violent felony offender’s 15-year prison sentence, which was suspended on condition of successful completion of community control, did not satisfy the subsection (4)(b)(2) minimum requirements of “a term of years” without eligibility for release for 10 years).
Because we deem the instant question to be of great public importance, we certify the following question to the Florida Supreme Court:
DO THE HOLDINGS IN STATE v. BROWN, 530 S0.2D 51 (FLA.1988), AND BURDICK v. STATE, 594 S0.2D 267 (FLA.1992), AUTHORIZE THE TRIAL COURT TO SENTENCE AN HABITUAL FELONY OFFENDER UNDER SECTION 775.084(4)(a)(l), FLORIDA STATUTES (1991), TO A TERM OF FIVE YEARS IN PRISON, TO BE FOLLOWED BY LIFE ON PROBATION, WHERE AN ENHANCED SENTENCE IS FOUND TO BE NECESSARY TO PROTECT THE PUBLIC AND THE SENTENCING GUIDELINES PERMITTED RANGE IS TWELVE TO TWENTY-SEVEN YEARS?
AFFIRMED.
ERVIN and DAVIS, JJ., concur.