PER CURIAM.
The state challenges Tillman’s sentences as a habitual felony offender in seven cases. Two of the cases involved original sentences; the remaining eases involved sentences imposed upon revocation of probation. The state contends the sentences are illegal because they constitute a downward departure from the guidelines and they are not supported by written reasons. We agree and reverse.
This court has set forth the following procedure for sentencing a defendant as a habitual offender to probation or community control:
In order to properly sentence a defendant found to be an habitual felony offender to probation or community control, the trial judge would first have to make a decision under subsection 775.084(4)(c) that a sentence as an habitual felony offender was not necessary. Having made that decision, a sentence pursuant to sentencing guidelines would then be required. If the guidelines recommended sentence called for a sentence other than probation or community control, in order to impose such a sentence, the trial judge would be required to enter an order finding proper reasons for a downward departure. Only then could the state appeal such a sentence based upon an improper departure.
King v. State, 597 So.2d 309, 317 (Fla. 2d DCA) (en banc), review denied, 602 So.2d 942 (Fla.1992) (emphasis in original).[1]
Tillman was designated a habitual offender in the seven cases, and he was placed on a total of two years of community control followed by eight years of drug offender probation. However, Tillman’s scoresheet indicated a permitted sentencing range of twelve to twenty-seven years, and the trial court did not supply written reasons in support of its departure from this range.
Accordingly, we must reverse Tillman’s sentences in case nos. 87-2697, 87-2800, 87-3162, 87-3163, 89-4970, 89-4971, 92-12208, and 92-12259 and remand all but case no. 87-2697 for resentencing within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990). Tillman shall not be resentenced in ease no. 87-2697 because, as he argues on cross-appeal, he has served the statutory maximum in that case.
We do not reach Tillman’s other issue on cross-appeal as it has been rendered moot by our disposition of the direct appeal.
Reversed and remanded with directions.
FRANK, C.J., and PARKER and LAZZARA, JJ., concur.

. The supreme court adopted the rationale of King in McKnight v. State, 616 So.2d 31 (Fla.1993).