646 So.2d 727 (1994)
STATE of Florida, Petitioner,
v.
Australia Ozell RINKINS, Jr., Respondent.
Nos. 83633, 83634.
Supreme Court of Florida.
December 8, 1994.
*728 Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and Jamie Spivey, Asst. Public Defender, Tallahassee, for respondent.
HARDING, Justice.
We have for review State v. Rinkins, 634 So.2d 763 (Fla. 1st DCA 1994), in which the First District Court of Appeal certified the following question as being one of great public importance:
DO THE HOLDINGS IN STATE v. BROWN, 530 So.2d 51 (FLA. 1988), AND BURDICK v. STATE, 594 So.2d 267 (FLA. 1992), AUTHORIZE THE TRIAL COURT TO SENTENCE AN HABITUAL FELONY OFFENDER UNDER SECTION 775.084(4)(a)(1), FLORIDA STATUTES (1991), TO A TERM OF FIVE YEARS IN PRISON, TO BE FOLLOWED BY LIFE ON PROBATION, WHERE AN ENHANCED SENTENCE IS FOUND TO BE NECESSARY TO PROTECT THE PUBLIC AND THE SENTENCING GUIDELINES PERMITTED RANGE IS TWELVE TO TWENTY-SEVEN YEARS?
Id. at 766. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the question in the negative.
Australia Ozell Rinkins, Jr., shot and wounded a man with a.45-caliber automatic handgun while attempting to shoot a third person inside a Tallahassee club. Rinkins was convicted of attempted second-degree murder with a firearm, shooting a firearm within a building, and possession of a firearm by a convicted felon. The State filed a notice of intent to have Rinkins classified as an habitual felony offender under section 775.084, Florida Statutes (1991). The trial court made the requisite findings for adjudicating Rinkins as a habitual felony offender under the statute and also determined that it could not make a finding that a habitual offender sentence was not necessary for protection of the public.[1] Based on these findings, the prosecutor asked the court to sentence Rinkins to life, the maximum sentence allowed under section 775.084. The prosecutor also noted that Rinkins' guidelines scoresheet reflected a recommended range of seventeen to twenty-two years and a permitted range of twelve to twenty-seven years.
For the primary offense of attempted second-degree murder with a firearm, the trial court sentenced Rinkins to five years in prison, including the three-year minimum mandatory term for the use of a firearm, followed by life on probation. Rinkins was also sentenced to fifteen years probation on each of the other two offenses, to run concurrently with the probation for the primary offense. The trial court indicated that the downward departure sentence imposed was legal because the sentencing guidelines are inapplicable to sentence imposed under the habitual offender statute.[2]
*729 The State appealed to the First District Court of Appeal on the ground that the primary offense sentence is illegal. Rinkins filed a separate appeal challenging the convictions, judgment, sentences, and the trial court's denial of his motion for a new trial. The district court consolidated the two appeals and affirmed the trial court's judgment and sentences. Rinkins, 634 So.2d at 764.
Citing this Court's decisions in State v. Brown, 530 So.2d 51 (Fla. 1988), and Burdick v. State, 594 So.2d 267 (Fla. 1992), the district court noted that sentencing under the habitual offender statute is permissive rather than mandatory. Id. at 765. Thus, the district court determined that although the statute authorizes a maximum penalty of life in prison, the trial court had the discretion to impose a more lenient sentence. Id. The district court reasoned that once the trial court makes a finding that a defendant is a habitual offender and should be sentenced under the habitual offender statute, section 775.084(4)(e) renders the guidelines procedures inapplicable. The district court also determined that the legislative intent to incarcerate career criminals for extended terms is served by another provision in subsection (4)(e) which exempts defendants sentenced under the habitual offender statute from eligibility for gain-time granted by the Department of Corrections, subject to an exception for incentive gain-time. Id.
Based upon this reasoning, the district court rejected the state's argument that the trial judge lacked discretion to sentence a habitual felony offender to five years in prison, followed by life on probation. Id. However, the district court certified the question to this Court as one of great public importance. Id. at 766.
This Court's recent decision in Geohagen v. State, 639 So.2d 611 (Fla. 1994), is controlling in this case, and requires that we answer the certified question in the negative and quash the decision below.
Geohagen involved a defendant that the trial court found to be a habitual offender yet sentenced to probation, a downward departure from the term of incarceration recommended by the sentencing guidelines. The trial judge did not provide written reasons for that downward departure. On appeal, the district court reversed Geohagen's sentence because the trial judge failed to give written reasons for the downward departure from the sentencing guidelines recommendation and made no determination that a habitual offender sentence was not necessary to protect the public. State v. Geohagen, 633 So.2d 22, 23 (Fla. 1st DCA 1993). The district court also certified a question to this Court regarding these two issues. Id. at 24.
In reviewing the district court's decision, this Court determined that a trial court need not make a specific finding that an enhanced sentence is not necessary for protection of the public in order to sentence a habitual offender to a more lenient sentence than that directed by the habitual offender statute. Geohagen, 639 So.2d at 612. "By virtue of sentencing a habitual offender to a more lenient sentence than that required by section 775.0[8]4, Florida Statutes (1991), the judge has necessarily decided that a habitual offender sentence is not necessary." Id. However, we also explained that if a habitual sentence is not imposed and the sentence is a downward departure from the sentencing guidelines, the trial judge must set forth written reasons for the downward departure. Id.
Based upon Geohagen, we answer the certified question in the negative. If a trial judge chooses to impose a sentence more lenient than that required by section 775.084, the judge must still adhere to the sentencing guidelines and must state appropriate reasons for any downward departure from the guidelines. In the instant case, the trial judge stated that he could not make a finding that imposition of sentence under the habitual offender statute was not necessary for the protection of the public. However, by virtue of imposing a more lenient sentence than that recommended by the sentencing guidelines, the judge "has necessarily determined that a habitual offender sentence is not necessary." Geohagen, 639 So.2d at 612.
Accordingly, we quash the decision below. However, because the law relating to this issue was not clear at the time that the judge imposed the original sentence, we remand *730 this cause for resentencing at which time the judge may provide written reasons for any downward departure from the sentencing guidelines recommendation.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 775.084(4)(c), Florida Statutes (1991), provides in pertinent part:

If the court decides that imposition of sentence under this section is not necessary for the protection of the public, sentence shall be imposed without regard to this section.
[2] Section 775.084(4)(e), Florida Statutes (1991), provides that a sentence imposed under the statute is not subject to the sentencing guidelines provisions in section 921.001, Florida Statutes (1991).