651 So.2d 237 (1995)
Johnny Ray BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1143.
District Court of Appeal of Florida, Fifth District.
March 3, 1995.
*238 James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant was convicted in Circuit Court Case Number 93-6251 of robbery with a firearm pursuant to a plea of nolo contendere.
The defendant's recommended sentence was 27 to 40 years with a permitted range of 22 years to life. The court adjudicated the defendant to be a habitual felony offender. The court then sentenced the defendant to life imprisonment, suspended on the condition that the defendant complete a period of 30 years probation.[1] The defendant challenges the legality of this sentence.
This type of suspended sentence is not one recognized by the supreme court in Poore v. State, 531 So.2d 161 (Fla. 1988) and was held to be illegal by this court in Pinardi v. State, 617 So.2d 371 (Fla. 5th DCA 1993) and State v. Manning, 605 So.2d 508 (Fla. 5th DCA 1992). Accord Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992) (prison sentence suspended upon successful completion of probation is a conditional suspended sentence which is not one of the alternatives articulated in Poore.) The type of suspended sentence involved here is not authorized by the legislature in Chapter 948, Florida Statutes.
The sentences in the above cited cases, unlike the instant case, were imposed prior to May 28, 1992, the effective date of amendments made to Florida Rule of Criminal Procedure 3.986(d). These amendments provide, inter alia, on sentencing forms for a sentence of imprisonment to be suspended for a designated period of time, subject to conditions set forth in the sentencing order. See In re Amendments to the Florida Rules of Criminal Procedure-Rules 3.140 and 3.986, 603 So.2d 1144, 1152 (Fla. 1992).[2] However, we are convinced that this language is designed solely to effectuate the true split sentence alternative recognized in Poore (confinement with portion of confinement period suspended and the defendant placed on probation for that suspended portion) and does not create a conditional suspended sentencing alternative. We disagree *239 with the dictum contained in Pinardi indicating that the amendatory language may permit pure suspended sentences.[3]
This is not to say that once the trial court determined the defendant to be a habitual offender that it had to sentence the defendant to imprisonment. It is not per se illegal to sentence a habitual offender to probation or community control. McKnight v. State, 616 So.2d 31 (Fla. 1993) (disapproving State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA), review dismissed, 613 So.2d 5 (Fla. 1992)). However, if the guidelines recommended or permitted range calls for a sentence other than probation or community control, in order to impose probation or community control, the court would be required to enter an order enunciating valid reasons for a downward departure. See State v. Rinkins, 634 So.2d 763 (Fla. 1st DCA 1994); Geohagen v. State, 639 So.2d 611 (Fla. 1994).
In sum, the suspended sentence here was imposed on April 20, 1994, well after the May 28, 1992 effective date of the amendments to Rule 3.986(d). However, this Rule does not create a conditional suspended sentence alternative. The sentence is an illegal sentence and the cause must be remanded for resentencing in accordance with Poore and, if probation or community control is employed, with the provisions of Chapter 948.01, Florida Statutes and with the sentencing guidelines.
REMANDED FOR RESENTENCING.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] Because the defendant had been convicted and sentenced for offenses in other cases, this sentence was made consecutive to the sentences imposed in those cases.
[2] The actual language is as follows:

The defendant is hereby committed to the custody of the Department of Corrections to be imprisoned for a term of ____, SAID SENTENCE SUSPENDED for a period of ____ subject to conditions set forth in this order.
603 So.2d at 1152.
[3] The supreme court's rule making authority extends only to matters procedural in nature and does not extend to substantive matters. Boyd v. Becker, 627 So.2d 481 (Fla. 1993); Smith v. State, 537 So.2d 982 (Fla. 1989). Sentencing alternatives are created by legislative action. See, e.g., Disbrow v. State, 642 So.2d 740 (Fla. 1994) (legislatively created reverse split sentence).