COPE, Judge.
The State appeals the entry of a downward departure sentence. We reverse.
Defendant was convicted of robbery. After trial, defendant and the court entered into a sentencing agreement, over State objection. The defendant agreed to be sentenced as a habitual offender to 364 days in the Dade County Jail, including a condition that defendant participate in the substance abuse program which is offered there. The jail term was to be followed by one year of probation. Defendant waived his right to appeal any error which may have occurred at trial.
The State objected to the sentencing agreement, arguing that it was a downward departure sentence and that departure reasons were needed. The court took the view that the habitual offender disposition took the case entirely outside the guidelines, and that no written order was needed to support the downward departure sentence. Defendant was sentenced accordingly. The State has appealed, contending that this sentence is in reality a downward departure sentence without written reasons.
Although the trial court did not have the benefit of it at the time of sentencing, the Florida Supreme Court has recently resolved this issue in favor of the State. State v. Rinkins, 646 So.2d 727 (Fla.1994). In Rinkins, the trial court sentenced defendant as a habitual offender, but imposed a sentence which was below the sentencing guidelines. The Florida Supreme Court stated:
If a trial judge chooses to impose a sentence more lenient than that required by section 775.081, the judge must still adhere to the sentencing guidelines and must state appropriate reasons for any doion-ward departure from the guidelines. In the instant case, the trial judge stated that he could not make a finding that imposition of sentence under the habitual offender statute was not necessary for the protection of the public. However, by virtue of imposing a more lenient sentence than that recommended by the sentencing guidelines, the judge “has necessarily determined that a habitual offender sentence is not necessary.”
Id. at 729 (emphasis added; citation omitted).
The Rinkins court went on to say, “However, because the law relating to this issue was not clear at the time that the judge imposed the original sentence, we remand this cause for resentencing at which time the judge may provide written reasons for any downward departure from the sentencing guidelines recommendation.” Id. at 729-30; see also State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989) (where trial judge did not know she was imposing a departure sentence which required written reasons, the case must be remanded to allow trial court to consider whether departure is appropriate and if so, to set forth valid reasons for departure). Consequently we remand the case for a new sentencing hearing at which time the trial court will have an opportunity to revisit the downward departure issue. At that time defendant must be allowed to withdraw from his sentencing agreement.
Reversed and remanded for a new sentencing hearing.