657 So.2d 1226 (1995)
STATE of Florida, Appellant,
v.
James TAVOLACCIO, Appellee.
No. 94-00025.
District Court of Appeal of Florida, Second District.
June 30, 1995.
*1227 Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender; Kevin P. Steiger and Andrea Norgard, Asst. Public Defenders, Bartow, for appellee.
QUINCE, Judge.
The state challenges an order of the trial court sentencing James Tavolaccio, a habitual felony offender, to two years' community control followed by eight years' drug offender probation. We reverse because the sentence imposed is a downward departure from the guidelines without written reasons.
The state requested and the court found appellant a habitual felony offender in circuit court case number 93-8886. This court held in King v. State, 597 So.2d 309 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992), that a trial court has two options in sentencing once a defendant has been declared a habitual offender. See also McKnight v. State, 616 So.2d 31 (Fla. 1993). The court may impose a habitual offender sentence under section 775.084, Florida Statutes, or the court may exercise its discretion not to impose an enhanced sentence and sentence without regard to the habitual offender statute. If the court chooses not to impose a habitual offender sentence, it must adhere to the sentencing guidelines requirements, including written reasons for departure from the guidelines. King, 597 So.2d at 315.
Under the habitual offender statute, appellant could have received a sentence of up to thirty years' imprisonment for the second degree felony of robbery. The guidelines provided for a recommended sentence of life with a permitted sentence of twenty-seven years to life. At the sentencing hearing, appellant and his brother addressed the court concerning appellant's drug problem and requested leniency because of this problem. The trial court thereafter imposed a sentence of two years' community control followed by eight years' drug offender probation. The court did not state any reasons for imposing a sentence which was both outside the habitual offender statute and a departure from the guidelines range.[1] By failing to state reasons for the departure, the trial court erred.
As the court observed in Geohagen v. State, 639 So.2d 611 (Fla. 1994), by virtue of the sentence imposed, the trial court necessarily determined a habitual offender sentence was not necessary. Once that decision was made, the court had to either sentence under the guidelines or state appropriate reasons for any downward departure from the guidelines. The record does not contain any oral pronouncement of reasons, any sentencing guidelines scoresheet stating reasons, nor any separate sentencing order outlining reasons.
We are satisfied from the judge's statement to the defendant at the conclusion of the sentencing hearing that he could have been sentenced to life under the guidelines or seventy years as a habitual offender, and that the judge was aware that he was imposing a departure sentence. Nonetheless, he failed to state the reasons for the departure.
We, therefore, reverse the sentence imposed and remand to the trial court for resentencing within the guidelines.
RYDER, A.C.J., and BLUE, J., concur.
NOTES
[1] Although the trial judge ordered drug treatment as a part of both the community control and probation, he did not make any findings as required under Herrin v. State, 568 So.2d 920 (Fla. 1990).