PER CURIAM.
The state appeals Richard Cosenti-no’s downward departure sentence and alleg *334 es the trial court erred by failing to provide contemporaneous written reasons for the departure. We agree and reverse.
Cosentino was convicted of making a written threat to kill in violation of section 886.10, Florida Statutes (1995). He was declared a habitual felony offender and purportedly sentenced as such; however, the trial court imposed a sentence of fifteen years’ probation. As a habitual offender, Cosentino may have been sentenced to as many as thirty years’ imprisonment.
Once a defendant is declared a habitual offender pursuant to section 775.084, Florida Statutes (1995), it is not mandatory that he or she be sentenced as such. See King v. State, 597 So.2d 309 (Fla. 2d DCA 1992)(trial court declaring defendant a habitual offender may exercise discretion and decide not to sentence defendant as such). Nevertheless, if the trial court elects to impose a sentence which would be a downward departure under the guidelines, it must provide written reasons for the departure. State v. Rinkins, 646 So.2d 727 (Fla.1994)(trial court choosing to impose a more lenient sentence than required by habitual offender statute must state appropriate reasons for the departure). See also State v. Tillman, 636 So.2d 837 (Fla. 2d DCA 1994).
When, as in this case, the trial court fails to provide written reasons for departure, the case must be remanded for resentencing within the guidelines. State v. Tavolaccio, 657 So. 2d 1226 (Fla. 2d DCA 1995). Therefore, we reverse and remand for resentencing within the guidelines.
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.