PER CURIAM.
The State appeals a downward departure sentence imposed by the trial court. Since *55 the trial court sentenced Appellee, Theodis White, to a downward departure sentence without providing written reasons for the departure, we reverse.
Appellee pled guilty to burglary of a structure. The trial court found that Appellee was a habitual offender, yet sentenced him to ten years’ probation with a special condition to satisfactorily complete the drug farm program. The trial judge did not provide written reasons for the downward departure, even though this was a downward departure from the recommended sentence of 47.6 months in prison.
The Florida Supreme Court has held that a trial judge may impose a sentence upon a habitual offender that is more lenient than the one provided by the habitual offender statute. Geohagen v. State, 639 So.2d 611, 612 (Fla.1994). However, in imposing a more lenient sentence, the trial judge “must still adhere to the sentencing guidelines and must state appropriate reasons for any downward departure from the guidelines.” State v. Rinkins 646 So.2d 727, 729 (Fla.1994). Reversal is warranted where the trial judge fails to provide such reasons for departure. See id.; Geohagen, 639 So.2d at 612.
In the instant case, no written reasons were given for imposing Appellee’s downward departure sentence. Thus, under Geo-hagen and Rinkins, we reverse Appellee’s sentence. Since the trial judge knew he was departing from the guidelines but failed to provide reasons for the departure, we remand to the trial court for resentencing within the guidelines. See Nelson v. State, 674 So.2d 888, 889 (Fla. 2d DCA 1996); State v. Tavolaccio, 657 So.2d 1226, 1227 (Fla. 2d DCA 1995).
REVERSED AND REMANDED.
GUNTHER, C.J., and FARMER and KLEIN, JJ., concur.