PER CURIAM.
In this case, the trial court found defendant to be a habitual offender but departed downward from the recommended sentence under the guidelines (6]/j years) to impose a sentence of 10 years probation with a special condition for treatment at the Drug Farm followed by 6 months community control and 2 years drug reporting probation. In so doing, the judge fully stated his reasons for departure on the record at sentencing but failed to file a written statement contemporaneously with sentencing. As we stated in State v. White, 693 So.2d 54 (Fla. 4th DCA 1997),
“The Florida Supreme Court has held that a trial judge may impose a sentence upon a habitual offender that is more lenient than the one provided by the habitual offender statute. Geohagen v. State, 639 So.2d 611, 612 (Fla.1994). However, in imposing a more lenient sentence, the trial judge ‘must still adhere to the sentencing guidelines and must state appropriate reasons for any downward departure from the guidelines.’ State v. Rinkins, 646 So.2d 727, 729 (Fla.1994). Reversal is warranted where the trial judge fails to provide such reasons for departure. See id.; Geohagen, 639 So.2d at 612.”
693 So.2d at 55. Moreover in Jones v. State, 639 So.2d 28 (Fla.1994), the court expressly held that under Pope v. State, 561 So.2d 554 (Fla.1990), a below guidelines departure sentence which lacks contemporaneous written reasons for the departure must be remanded for resentencing within guidelines. Accordingly we reverse and remand for resentenc-ing within the guidelines.
At the same time, however, we agree with the First District in State v. Pease, 669 So.2d 314 (Fla. 1st DCA 1996), rev. granted, 676 So.2d 1369 (Fla.1996), that the remedy of resentencing within the guidelines is “fundamentally unfair”. It requires an offender to spend more time in prison, not because of anything done by the offender, but instead because of an inadvertent error by a state official, the sentencing judge.[1] We also note that section 921.0016(l)(c), Florida Statutes (1995), now allows the trial judge to have a transcript of the sentencing hearing filed within 7 days from sentencing to act as the *1292 written statement for the departure. We therefore certify to the supreme court the same question that the first district did in Pease:

May a downward departure sentence be affirmed where the trial court orally pronounced valid reasons for departure at the time of sentencing, but inadvertently failed to enter contemporaneous written reasons?

STONE, C.J., and GUNTHER and FARMER, JJ., concur.

. We express no opinion as to whether the failure of defense counsel at the sentencing hearing to assert the contemporaneous writing requirement for downward departures constitutes per se ineffective assistance of counsel.