PATTERSON, Chief Judge.
The State appeals from Guy Douglas’s sentence entered without written reasons for downward departure. We reverse and remand for resentencing.
The trial court found that Douglas qualified as a habitual felony offender pursuant to section 775.084, Florida Statutes (1997), but sentenced him to a year and a day in prison, to be followed by three years’ probation. This was a downward departure from the sentencing guidelines range of 32.7 to 54.5 months’ imprisonment. It appears that the trial court was under the impression that if it sentenced Douglas to any prison time under the habitual offender statute, then the sentencing guidelines did not apply. The State correctly contends that the trial court was required to provide written reasons for departure.
“If a trial judge chooses to impose a sentence more lenient than that required by section 775.084, the judge must still adhere to the sentencing guidelines and must state appropriate reasons for any downward departure from the guidelines.” State v. Rinkins, 646 So.2d 727, 729 (Fla.1994). Here, because the trial court did not realize that it was imposing a departure sentence, the trial court is entitled to state departure reasons on remand. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); State v. Henriquez, 717 So.2d 1087 (Fla. 3d DCA 1998). We note that Douglas contends that the State has not preserved this issue for review. At the sentencing hearing, however, the State objected, cited Rinkins, and argued that the trial court was required to comply with the guidelines. Therefore, we hold that the State preserved the issue for review, and we reverse Douglas’s sentence and remand for resentencing, at which time the trial court may consider reasons for departure.
Reversed and remanded.
THREADGILL and DAVIS, JJ., Concur.