802 So.2d 1167 (2001)
The STATE of Florida, Appellant,
v.
Ramon PEREZ, Appellee.
No. 3D01-1275.
District Court of Appeal of Florida, Third District.
December 5, 2001.
Rehearing Denied January 11, 2002.
*1168 Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Carlos F. Gonzalez, Assistant Public Defender, for appellee.
Before JORGENSON, LEVY, and GODERICH, JJ.
PER CURIAM.
The State appeals from a downward departure sentence. For the following reasons, we reverse.
The trial court offered the defendant a sentence of fourteen months as a habitual offender with credit for time served. The state objected to the offer because it was below the guidelines.[1] The trial court noted the objection, and, apparently as a ground for the downward departure, stated that it had reservations about whether the state could prove its case. The defendant accepted the court's offer, and the court imposed the sentence. The state appeals.
We reverse because the downward departure was not supported by any written reasons, and the oral reason given (even if reduced to writing) is legally insufficient. See Banks v. State, 732 So.2d 1065 (Fla. 1999) (holding that before trial court can impose downward departure, there must be a "valid legal ground and adequate factual support for that ground...."); State v. Rinkins, 646 So.2d 727 (Fla.1994) ("If a trial judge chooses to impose a sentence more lenient than that required by section 775.084, the judge must still adhere to sentencing guidelines and must state appropriate reasons for any downward departure from guidelines."); State v. Stanton, 781 So.2d 1129 (Fla. 3d DCA 2001) (holding that a departure from sentencing guidelines must be based on a valid legal reason); Hoffman v. State, 700 So.2d 765, 767 (Fla. 3d DCA 1997); State v. McLeod, 652 So.2d 923 (Fla. 3d DCA 1995); State v. Douglas, 744 So.2d 1182 (Fla. 2d DCA 1999).
Accordingly, we vacate the sentence. On remand, the defendant must be afforded the opportunity to withdraw his plea. See State v. Meyers, 708 So.2d 661 (Fla. 3d DCA 1998); State v. Gordon, 645 So.2d 140 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla.1995); State v. Stewart, 749 So.2d 555 (Fla. 2d DCA 2000).
REVERSED AND REMANDED.
NOTES
[1] We disagree with the defendant's argument that this objection was not sufficiently specific to preserve the issue for appeal. See, e.g., State v. Turro, 724 So.2d 1216, 1217 n. 1 (Fla. 3d DCA 1998).