LAGOA, J.
On appeal, the State argues that the trial court erred in imposing a downward departure sentence, over the State’s objection, without providing valid oral or written reasons for the departure. The defendant, Larry Rogers (“Rogers”), concedes that the trial court erred in imposing a downward departure sentence. Accordingly, because the record contains no legal basis for the downward departure, we are compelled to reverse the sentence and remand for resentencing within the guidelines. On remand, Rogers must be afforded an opportunity to withdraw his plea. See State v. Perez, 802 So.2d 1167 (Fla. 3d DCA 2001).
Reversed and remanded for proceedings consistent with this opinion.[1]

. The State also argues that the trial court erred in failing to impose the minimum mandatory sentence under the habitual violent felony offender statute. Because the trial court must conduct a new sentencing hearing on remand, we need not address this point as the State will have the opportunity to raise it at the resentencing. See State v. Collins, 985 So.2d 985 (Fla.2008). Lastly, we note that on appeal both Rogers and the State agree that the trial court relied on an improperly calculated scoresheet in sentencing. The State concedes that Rogers’ primary offense, simple battery on a person over 65, is a level 4 offense. As such, Rogers should only have received 22 points, not 56 points for his primary offense. Accordingly, his lowest permissible prison sentence is 26.1 months, not 51.6 months. On remand, the State shall provide the trial court with a properly calculated scoresheet.